67063. MILLER v. THE STATE.
67064. PATRICK v. THE STATE.

SOGNIER, Judge.

Appellants were tried jointly in the Banks County Superior Court and convicted of two counts of armed robbery and one count of theft by taking. Appellants contend the trial court erred (1) by denying their motion for a mistrial after the prosecuting attorney attempted to improperly impeach a defense witness, and (2) by failing to dismiss one count of armed robbery for lack of venue, since the robbery referred to occurred in Clarke County. Appellant Miller also enumerates as error the trial court's denial of his motion for a mistrial after the state put his character into evidence.

Jimmy Smith and Brenda House were entering Smith's car outside the J and J Center in Athens, Georgia, when they were accosted by appellants at gunpoint. Appellants demanded Smith's money and he gave them change from a $20 bill he had used for admission to the J and J Center. About $75 was also taken from House's purse at gunpoint. Appellants then demanded Smith's car keys and ordered Smith and House into the car. Appellants drove along several back roads for about two and a half hours, then stopped somewhere in Banks County and ordered House to get out and start walking. She did so, and appellants then ordered Smith to get out and turn his pockets inside out. He did so and appellants took about $430 cash from him, as well as his watch. Appellants then drove off in Smith's car, which was found burned the following afternoon.

1. Appellants contend the trial court erred by denying their motion for a mistrial after the prosecuting attorney attempted improperly to impeach James Langford, a defense witness, by asking him on cross-examination where he came from that day. Langford replied "Reidsville," and appellants objected to the question and answer; however, they did not move for a mistrial. The trial court instructed the jury to disregard the question and answer.

Since appellants made no motion for a mistrial, either at the time of their objection or after the court's curative instruction, there is nothing for us to review. *Sims v. State,* 159 Ga. App. 692 (1) (285 SE2d 65) (1981). See also *Bankston v. State,* 159 Ga. App. 342, 343 (3)

(283 SE2d 319) (1981), where we held that a motion for a mistrial must be renewed following curative instructions in order to preserve an issue for appellate review. Thus, even had appellants moved for a mistrial the issue would not be preserved for review.

2. Appellants contend that the trial court erred by denying their motion for a directed verdict of acquittal of Count 3 of the indictment charging appellants with the robbery of Brenda House. Appellants argue that the court in Banks County lacked venue because the robbery occurred in Clarke County. We agree.

The indictment charged appellants with armed robbery of $75 in money from Brenda House by use of an offensive weapon. House testified specifically that one of the appellants "got the money out [of her purse] at the J and J Center" in Athens, and it is not disputed that Athens is in Clarke County.

Both Article VI, Sec. XIV, Par. VI of the Constitution of Georgia of 1976 (Code Ann. § 2-4306) and Code Ann. § 26-302 (a) (in effect at the time of trial) provided that all criminal cases shall be tried in the county where the crime was committed, with certain exceptions not applicable in the instant case. Once House's money was taken from her in Athens, the robbery appellants were charged with committing was complete. Since House was robbed in Clarke County, venue was in Clarke County. *Harris v. State,* 165 Ga. App. 249, 250 (1) (299 SE2d 924) (1983).

The state's argument that the robbery of House was a continuing offense, as House's purse was not taken from her presence until she was let out of the car in Banks County, is without merit. OCGA § 16-8-41 (a) (Code Ann. § 26-1902) provides, in pertinent part: "A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon..." Once appellants took House's money from her at gunpoint in Athens, all elements of the robbery charge had been committed. Thus, the trial court erred by denying appellants' motion for a directed verdict of acquittal of Count 3.

3. Appellant Miller contends the trial court erred by denying his motion for a mistrial after House was asked who was in the back seat with Jimmy [Smith], and answered that she didn't know, but "the one that was in front with me was the one in there for murder, the Miller boy." Miller objected and moved for a mistrial; the motion was denied. He made no request for curative instructions and did not renew his motion for a mistrial.

The evidence against appellants in this case was overwhelming, including positive identification of both appellants by Jimmy Smith. Additionally, Miller himself testified that at the time of the robbery

he was an inmate. Granting a mistrial is a matter largely within the discretion of the court, and unless it is apparent that a mistrial was essential to preservation of a defendant's right to a fair trial, such discretion will not be interfered with. *Cochran v. State,* 144 Ga. App. 820 (1) (242 SE2d 735) (1978); *Simonton v. State,* 151 Ga. App. 431 (1) (260 SE2d 487) (1979). Under the circumstances of this case we find no abuse of discretion in denying the motion for a mistrial, as a mistrial was not essential to preserve Miller's right to a fair trial.

*Judgment affirmed as to Counts 1 and 2. Judgment reversed as to Count 3. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 1, 1984.

*David C. Jones Jr.,* for appellants.
*Timothy G. Madison, District Attorney, Larry Duttweiler, Assistant District Attorney,* for appellee.