## A91A0316. GATLIN v. THE STATE.
### (405 SE2d 118)

BEASLEY, Judge.

Defendant was convicted of three counts of armed robbery, OCGA § 16-8-41, and three counts of possession of a firearm during the commission of a crime, OCGA § 16-11-106. His sole enumeration of error is that his convictions of armed robbery (count three) and possession of a firearm (count four) are not sustained by the evidence.

1. The State's only witness with reference to these two counts was Helen Wood, the assistant manager of a Pac & Sack store in Thomasville. She testified that she knew defendant as a customer in the store and that he was in the store on May 20, 1990, and sought to purchase a Kist cola. As Ms. Wood opened the cash register to make change for his 50 cents, "he reached over with his left hand, grabbed three five-dollar bills out of my drawer." She then related: "I said what the hell do you think you're doing? He said this is a robbery. I said like hell it is. I jerked my money back out the man's hand and he got a center piece of my five-dollar bill, that's all he got. And I slammed my drawer shut, turned the key, throwed it in the floor. He then pulls the gun with his right hand out of his pocket and he said you don't understand, this is a robbery, and put the gun up on my cash register at me."

Ms. Wood described the gun and explained that she was afraid to reach for the key on the floor because defendant might misunderstand her action and shoot her. She testified: "So I said to myself I'll just play it through. So . . . he said you don't understand, this is a robbery. I said you don't understand, get the hell out of my store and don't come back and I'll call the law and I did." Defendant left without any further incident.

Armed robbery is committed when a person, with intent to commit a theft, takes another's property from the person or immediate presence of another by use of an offensive weapon. OCGA § 16-8-41. *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987), held the Code section "to encompass armed robbers who have concealed offensive weapons in their pockets or under wraps or other devices." It added the caveat that "[s]ome physical manifestation of a weapon is required, however, or some evidence from which the presence of a weapon may be inferred."

Initially defendant snatched the money, and his weapon was not used to obtain it. After the money had been retrieved by the witness, defendant sought to re-acquire it by use of a gun. The witness refused to yield to his threat and nothing of value was obtained by use of an offensive weapon.

The evidence might have shown attempted armed robbery or robbery. " 'The slightest change of location whereby the complete do-

minion of the property is transferred from the true owner to the trespasser is sufficient asportation.' . . . It is not required that the property taken be permanently appropriated." *James v. State*, 232 Ga. 834, 835 (209 SE2d 176) (1974). The proof was insufficient to sustain a conviction for armed robbery because the weapon was not an ingredient; it did not figure until after the taking occurred. *Hicks v. State*, 232 Ga. 393, 402-403 (207 SE2d 30) (1974). Compare *McKissic v. State*, 178 Ga. App. 23 (1) (341 SE2d 903) (1986). The judgment entered on count three must be reversed.

2. Defendant was charged with possession of a firearm during the commission of the crime of armed robbery, a felony. The evidence did not sustain armed robbery but, as pointed out, did show that defendant was in possession of a firearm while attempting to commit a felony. OCGA § 16-11-106 does not require undue specificity, but only that the crime be a felony falling within one of the categories set forth therein. Because defendant was charged with armed robbery, attempted armed robbery is an included offense even though he was not specifically charged with the criminal attempt. OCGA § 16-4-3. There was no fatal variance, see *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969), and *Dobbs v. State*, 235 Ga. 800, 801 (3) (221 SE2d 576) (1976), and the evidence sustained the conviction under count four.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Carley, J., concur.*

DECIDED APRIL 2, 1991.

*Andrews & Seery, Stephen H. Andrews*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.