## A91A1195. HOWARD v. THE STATE.
### (410 SE2d 782)

SOGNIER, Chief Judge.

Richard E. Howard was convicted by a jury of rape and two counts of armed robbery, and he appeals from the judgment and sentence entered on those convictions.

1. Appellant first enumerates the general grounds. Construed to support the jury's verdict, the evidence at trial showed that on the evening of March 26, 1989, appellant knocked at the door of the home where Maude Cason lived with her two daughters, two grandchildren, and another woman. S. M. Cason was in the back bedroom watching television with her young grandchildren, and S. M. admitted appel-

lant, who had identified himself as "Kenny," a friend of Cason's daughter. Appellant asked to use the telephone because his car had broken down, and S. M. permitted him to do so. After completing his call in the living room, however, appellant pulled a gun and held it to S. M.'s face, then marched her to Cason's bedroom, where he threatened the lives of Cason and the grandchildren and demanded all of Cason's money. After Cason gave him her wallet containing $60, appellant became enraged because Cason did not have more money. He forced S. M. to undress and then raped her on Cason's bed while Cason and her four-year-old granddaughter were forced to sit on the floor and avert their eyes. Cason's infant grandson was on the bed during the rape. Appellant finally tore off S. M.'s gold necklace and several rings and left.

Appellant contends the State failed to show that the robbery of S. M. was accomplished by use of an offensive weapon or replica thereof, which is a necessary element of armed robbery. See OCGA § 16-8-41 (a). The indictment charged appellant with committing armed robbery "by the use of a gun, the same being an offensive weapon," and appellant argues that S. M.'s testimony established that he robbed her in the living room before he pulled the gun, forced her into the back bedroom, and raped her. Although that is a possible, albeit strained, interpretation of quotes from S. M.'s trial testimony, excerpted by appellant in his brief, when they are viewed in isolation, a careful review of S. M.'s entire testimony reveals no indication that events transpired in the sequence suggested by appellant, and Cason testified that she witnessed appellant snatch the chains off S. M.'s neck *after* the rape, "just as he reached . . . the door."

S. M.'s testimony quoted by appellant was the direct response to questioning regarding whether she was aware of the gun at the moment she was robbed. Although S. M.'s response was that at the moment she was robbed she did not see the gun, " 'a conviction for armed robbery may be sustained even though the weapon itself was neither seen nor accurately described by the victim. Some physical manifestation of a weapon is required, however, or some evidence from which the presence of a weapon may be inferred.' . . . [Cit.]" *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987). Here, S. M. testified that appellant held the gun to her face in the living room, forced her to the back of the house at gunpoint and threatened her, which led her to believe that because she and the other victims had all seen appellant's face "maybe he would kill us [so we would] not be able to identify him." Cason testified that when appellant entered the bedroom with S. M., she could see "something underneath his shirt" in the shape of a gun. The evidence presented at trial thus authorized the jury to conclude that the robbery of S. M. was accomplished well after she became aware of the presence of the gun; that

at least the shape of the gun was visible, even though S. M. did not actually see it at the moment she was robbed; and that the robbery of S. M. was accomplished while she was under "a reasonable apprehension . . . that an offensive weapon [was] being used." *Moody v. State,* 258 Ga. 818, 820 (1) (375 SE2d 30) (1989). Accordingly, we find the evidence presented at trial was sufficient to authorize the jury to convict appellant of the armed robbery of S. M. under the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Moody,* supra at 820 (1), 821-822 (5).

2. Appellant contends the trial court erred when it allowed the State to present, over objection, evidence of appellant's two prior convictions. The trial transcript reveals that appellant volunteered the information about his prior incarceration when he testified, in response to a question on cross-examination about whether he had worked since his last job, as a drug counselor in Washington D. C. in 1978, "[n]o, sir, I have not worked since then. I do — did some odd jobs. I did some time." Appellant was then asked what he meant by that, and he testified that he had been in the "Federal Correction Institute in Ashland, Kentucky 1978 and 1982," and upon further questioning revealed that it was for "[b]urglarizing." The State was not permitted to cross-examine appellant about another crime, a conviction for violation of the Georgia Controlled Substances Act, but certified copies of both convictions were entered into evidence.

It is clear that by admitting prior criminal conduct, appellant "raised an issue which may be fully explored by the State on cross-examination. [Cit.]" *Jones v. State,* 257 Ga. 753, 759 (1) (b) (363 SE2d 529) (1988). Here, appellant's admission that he had been incarcerated entitled the State to explore the burglary, the crime for which he was incarcerated. Even assuming, as contended by appellant, that admission of the certified copy of appellant's drug conviction was error because appellant's sentence was probated and he was not incarcerated for that offense, the evidence of appellant's guilt in this case was ample and thus it is highly probable that the introduction of the certified copy of that conviction did not contribute to the jury's verdict. In the context of this case, therefore, any error in admitting the certified copy of appellant's drug conviction was not harmful, and reversal is not required. *Hargrove v. State,* 188 Ga. App. 336, 338 (373 SE2d 44) (1988).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 10, 1991.

*John H. Tarpley,* for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert W. Houman, Nelly F. Withers, Assistant District Attorneys,* for ap-

pellee.