## A92A0517. BARNETT v. THE STATE.
(420 SE2d 96)

POPE, Judge.

Defendant James Barnett was convicted of armed robbery and terroristic threats and he appeals.

1. A videotape of the robbery was presented as evidence which was identified as having been recorded by the security system of the store which was robbed and as being an accurate depiction of the event. Defendant's first two enumerations of error refer to the replaying of videotape evidence to the jury, once after the State rested its case and the defendant moved for directed verdict on the terroristic threats charge, and once after the jury had commenced its deliberations and requested to see it again. On motion for directed verdict, defendant argued no evidence was presented to corroborate the victim's testimony that defendant threatened to kill her. The prosecutor argued that the videotape, though of poor audio quality, showed the defendant saying "Move, I'll kill you." The trial judge replayed the videotape outside the presence of the jury to determine if the statement could be heard. He then permitted the tape to be replayed, without comment, to the jury at a higher volume than it was previously played. After commencing deliberations, the jury requested to see the videotape again. They were brought into the courtroom and it was played once more.

Defendant argues the trial court erred in replaying the videotape after the close of the State's evidence and again after the jury commenced its deliberations. It has long been the rule, however, "that a trial judge has a discretion, upon a jury request made during deliberations, to permit the jury to hear again parts of the evidence previously presented." *State v. Roberts*, 247 Ga. 456, 457 (277 SE2d 644) (1981). "[T]he trial court has discretion to 'hear again' evidence previously

presented." *Haynes v. State*, 180 Ga. App. 202 (2) (349 SE2d 208) (1986). This rule should apply whether the rehearing of evidence is permitted at the close of the State's case or after the close of all evidence in the case, during the jury's deliberations. The rule has been applied specifically to the replaying of videotape evidence. *Allen v. State*, 146 Ga. App. 815 (3) (247 SE2d 540) (1978). "We find no unfair advantage to be obtained when the jury views the videotape for a second time under the controlled conditions of open court. It does not present the same harmful situation as permitting certain documents to go out with the jury during their deliberations." Id. at 818. The trial court did not abuse its discretion in permitting the videotape to be replayed in this case.

2. Defendant also argues that the charge of terroristic threats merged with the charge of armed robbery and he could not be convicted and sentenced for both. One crime is included in another only if: "(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the [other] crime . . . ; or (2) It differs from the [other] crime . . . only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6. Defendant was convicted of armed robbery, which requires the "use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). Defendant testified and admitted he committed the robbery by holding at the victim's throat a piece of cardboard which had been wrapped with aluminum foil to make it look like a knife. The evidence was sufficient to show the robbery was complete, in that the money from the cash register was in his possession, before he made the alleged threat to the victim that he would kill her if she moved. Thus, the threat was not part of the armed robbery, but the evidence was sufficient to show that it was made with the purpose of terrorizing the victim, as defined by OCGA § 16-11-37, to effect his escape from the scene of the robbery. The trial court did not err in sentencing him separately on the separate conviction for terroristic threats.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JUNE 17, 1992.

*Russell C. Gabriel*, for appellant.
*Harry N. Gordon, District Attorney, James B. McClung, Assistant District Attorney*, for appellee.