A95A2707. TAYLOR v. THE STATE.
(465 SE2d 473)

BLACKBURN, Judge.

Bennie George Taylor appeals his conviction for aggravated assault, robbery, armed robbery and driving with ability impaired by alcohol.

Early on New Year's Day 1994 Sammy Young, a Georgia State Trooper, stopped the vehicle driven by Taylor and arrested him for driving under the influence. Trooper Young escorted Taylor to the back seat of Young's patrol car and began reading Taylor his rights. Taylor commenced a struggle, taking a flashlight from Young's hands and beating him with it. After knocking Trooper Young onto the roadway, Taylor took Young's gun and then demanded that Young

provide him with an extra clip for the weapon. Young complied with the demand, and shortly thereafter was able to escape to a nearby wooded area. Taylor then entered his vehicle and left the scene. Taylor was arrested later that same day and made a statement to law enforcement authorities implicating himself in the incident.

Taylor was indicted in Emanuel County. On the day of his arraignment, he moved for a change of venue. The trial court granted the motion and ultimately ruled that the matter should be tried in Washington County, a county that neither party had suggested. While Taylor had known for several weeks in advance that the trial would take place in Washington County, on the day the matter was called for trial, Taylor submitted a second motion to change venue, this time seeking to have the case transferred out of the Middle Judicial Circuit altogether. The motion was denied, and the trial commenced.

1. In his first enumeration of error, Taylor asserts that the trial court erred in denying his second motion to transfer venue. OCGA § 17-7-150 (a) (1) provides in pertinent part: "The defendant, in any criminal case in which a trial by jury is provided, may move in writing for a change of venue, whenever, in the defendant's or defense counsel's judgment, an impartial jury cannot be obtained in the county where the crime is alleged to have been committed. . . . If, from the evidence submitted, the judge is satisfied that an impartial jury cannot be obtained to try the case, the judge shall grant a change in venue; the judge shall transfer the case to any county that may be agreed upon by the prosecuting attorney and the defendant or the defense counsel, to be tried in the county agreed upon. . . . *[I]f a county is not thus agreed upon . . . the judge shall select such county as, in the judge's judgment, will afford a fair and impartial jury to try the case and have it transferred accordingly.*" (Emphasis supplied.)

In this matter, the parties could not agree as to where the case should be transferred and the judge exercised his discretion in determining that Washington County would afford Taylor a fair and impartial jury. Taylor has offered no evidence that the trial court's choice was inherently prejudicial or that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible, standards that must be met to merit a change of venue. See *Cheeks v. State*, 203 Ga. App. 47, 49 (416 SE2d 336) (1992). In fact, during voir dire, the State asked twice whether any jurors had knowledge of the case, receiving no affirmative response. Taylor made no effort whatsoever to question prospective jurors about their prior knowledge of the case. "The trial court has discretion in determining whether to grant a motion for a change of venue and its determination will not be disturbed absent an abuse of that discretion." *Morrill v. State*, 216 Ga. App. 468, 470 (454 SE2d 796) (1995). As we find no

such abuse occurred, we cannot disturb the trial court's denial of Taylor's motion to change venue.

2. Taylor enumerates as error the trial court's decision to reseat certain jurors on the grounds that Taylor had struck them from the jury panel for racially motivated reasons. Taylor, who was black, exercised nine of his eleven peremptory challenges against white panel members. In defense of his strikes, Taylor's counsel stated that several of the white panel members he struck had friends on the jury and he thought they would be subject to undue influence or had law enforcement connections. He also indicated that certain strikes were made at the request of his client, giving no other reason for the challenge. After hearing defense counsel's reasons for striking the potential white jurors, the trial court ordered that seven of them be reseated, determining that the reasons offered for their challenge were not race neutral.

Taylor does not challenge that a prima facie case of discrimination was established or the manner in which the jurors were reseated. Rather, he argues solely that the trial court erred in not giving credence to his race-neutral explanation for the strikes. "In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. As with the state of mind of a juror, evaluation of the challenger's state of mind based on demeanor and credibility lies peculiarly within a trial judge's province." (Punctuation omitted.) *McKibbons v. State*, 216 Ga. App. 389, 390 (455 SE2d 293) (1995). A review of the record reflects that black veniremen, like their white counterparts, knew other members of the panel and had ties to law enforcement; however, they were not struck from the jury. In light of this evidence and the above standard, we will not disturb the trial court's determination that Taylor's strikes were not exercised in a race-neutral fashion.

3. During their deliberations, the jury inquired if they could view a written statement made by the defendant that had been read into the record during the course of the trial. After the court refused to send the document into the jury room, the jury requested that the statement be read again. While Taylor now argues that the trial court erred in reading the statement to the jury during its deliberations, he consented to the reading at the time of the jury's request. Accordingly, Taylor has waived the alleged error. See *Chandler v. State*, 219 Ga. 105, 114 (131 SE2d 762) (1963) (alleged error waived when attorney consented to sending defendant's confession out with jury during its deliberations).

4. Taylor complains that he cannot be convicted and sentenced

for the offenses of armed robbery, aggravated assault and robbery because, in the above circumstances, the crimes merge. "While it is settled that aggravated assault is not included in robbery, armed robbery or attempted armed robbery as a matter of law, it may be included as a matter of fact." (Citations omitted.) *Hambrick v. State*, 256 Ga. 148, 150 (344 SE2d 639) (1986). The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge. Id. In the present matter, Taylor beat Trooper Young with a flashlight and took his gun. After securing the gun, Taylor demanded the trooper hand over the extra clips for the pistol. The trooper complied. The crimes do not merge as the assault was complete at the time Taylor took the gun from the officer. Also, the robbery in which the gun was obtained was complete at the time the armed robbery for the clip occurred. See *Millines v. State*, 188 Ga. App. 655 (373 SE2d 838) (1988).

5. In his final enumeration, Taylor asserts that the trial court erred in charging the jury that an aggravated assault may be committed by: "a deadly weapon or with a replica, article, or device having the appearance of a deadly weapon." Taylor argues that the instruction may have confused or prejudiced the jury by informing them that an aggravated assault may occur in a variety of circumstances whereas the indictment only alleged the specific circumstances of Trooper Young's assault. As a question existed as to whether a flashlight could serve as a deadly weapon, the trial court did not err in defining for the jury what constitutes a deadly weapon. See *Rice v. State*, 217 Ga. App. 456, 458 (458 SE2d 368) (1995) (instructions in a criminal trial should be tailored to the indictment and adjusted to the evidence).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

Decided November 16, 1995 —
Reconsideration denied December 14, 1995 — ▮▮▮▮▮▮▮

*Jerry M. Daniel*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.