A96A2444. SLEDGE v. THE STATE.
(477 SE2d 898)

McMURRAY, Presiding Judge.

Defendant Sledge appeals his conviction of a violation of the Georgia Controlled Substances Act, selling cocaine. *Held:*

1. The State's first witness was a confidential informant, a convicted felon who earned money by making drug purchases on behalf of law enforcement officers. This witness testified that after a planned drug purchase did not materialize, he was walking home when he saw defendant drive by. The witness testified with reference

to defendant that "we had him in the list where he could have been bought from. I was told if I seen him and I could make a purchase, make one." Defendant moved for a mistrial arguing that this testimony placed his character in issue because it implied that he had been involved in previous drug buys. However, we find no error in the denial of defendant's motion for mistrial inasmuch as the evidence explained the circumstances leading to defendant's arrest. *Carson v. State*, 208 Ga. App. 534, 535 (4) (431 SE2d 156).

2. Contrary to defendant's assertion, there is nothing in OCGA § 35-3-16 which prohibits the State utilizing laboratories other than those operated by the Division of Forensic Sciences of the Georgia Bureau of Investigation. In the case sub judice, the cocaine was tested at a laboratory operated by the Drug Enforcement Administration (DEA) in Miami, Florida. A senior forensic chemist from the DEA facility, who did the testing and chemical analysis of the cocaine in the case sub judice, testified as to the testing procedures and results. There was no attempt by the State to use a certificate of results as described in OCGA § 35-3-16 (b). The procedures of OCGA § 35-3-16 provided a procedural route for avoiding routine courtroom appearances by laboratory staff under specified circumstances. In view of the permissive language of the statute, use of this procedure was not mandatory. We must also note that subsequent to the trial in this case the Supreme Court of Georgia held OCGA § 35-3-16 to be unconstitutional as violating the "Confrontation Clause." *Miller v. State*, 266 Ga. 850 (472 SE2d 74). The trial court did not err in permitting the DEA chemist to testify.

3. The trial court did not err in permitting the State to play an audiotape as part of its case in chief even though the tape had not been furnished to defense counsel ten days prior to trial in compliance with OCGA § 17-16-1 et seq. Defendant filed a timely written election to proceed under the provisions of OCGA § 17-16-1 et seq. Defense counsel was told of the existence of the audiotape of the drug buy transaction between the defendant and the confidential informant but was not allowed to hear the tape, and instead was told by the prosecuting attorney that the tape would not be used at trial.

When the trial date arrived, circumstances had changed and the prosecuting attorney made known his intention to present the tape. Defense counsel objected, noting both the failure of the prosecuting attorney to permit inspection of the tape ten days prior to trial and the representations that it would not be used. The trial court ordered the prosecuting attorney to play the tape for defense counsel and then permitted an opportunity for the defense attorney to state for the record any prejudice arising from the delay in making the tape available. Since defense counsel was unable to state any harm from the delay in permitting access to this evidence, the trial court did not

err in refusing to exclude the tape from evidence at trial. OCGA § 17-16-6; *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696).

4. The trial court did not err in allowing the jury to rehear the audiotape upon their request and after deliberations had begun. It is well settled that a trial court has discretion to permit a jury to rehear parts of the evidence presented even after deliberations have begun. *Payne v. State*, 219 Ga. App. 318 (464 SE2d 884); *Barnett v. State*, 204 Ga. App. 588 (420 SE2d 96).

While defense counsel complains that the recording was more easily understood during the replay than during the original presentation of the tape, there was no evidence of tampering and the only explanation suggested on the record for any difference in sound quality is that the original presentation of the tape was channeled through the trial court's public address system and the replay was not. These circumstances are not sufficient to curtail the trial court's discretion under the general rule. We find no abuse of the trial court's discretion by permitting the replay of the audiotape.

5. Defendant's final enumeration of error questions the sufficiency of the evidence to authorize his conviction. When viewed in the light most favorable to upholding the jury's verdict, the evidence at trial shows that defendant provided cocaine to the State's confidential informant in exchange for money. While defendant denies that such an exchange occurred, the credibility questions thereby created are for jury determination. The evidence was sufficient to authorize a rational jury to conclude that defendant was guilty beyond a reasonable doubt of selling cocaine, as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Ferguson v. State*, 221 Ga. App. 415, 419 (2) (471 SE2d 528).

*Judgment affirmed. Johnson, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED NOVEMBER 6, 1996.

*Nancy A. Askew*, for appellant.
*Spencer Lawton, Jr., District Attorney, George R. Asinc, Assistant District Attorney*, for appellee.