A97A1558. BASU v. THE STATE.

(492 SE2d 329)

Judge Harold R. Banke.

In this non-jury trial arising from a domestic dispute, Ratan Basu was convicted of battery, simple battery and two counts of obstruction of a law enforcement officer. At trial, Basu acted pro se. On appeal, he enumerates three errors.

The evidence, viewed in the light most favorable to the verdict, shows that the arresting officer responded to a call from Basu's wife. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996). Basu's

daughter and wife both met the officer in the parking lot of their apartment. Basu's wife was terrified and crying. Her face was red and swollen and she had knots on the back of her head. According to the officer, Basu's daughter stated that her mother had been beaten and she felt it necessary to call the police this time, though they had not in the past. Basu's wife attributed the knots to her husband and stated she could not put up with his treatment any longer.

The officer approached Basu's apartment and knocked on the door. When Basu opened the door, the officer advised Basu that he was under arrest for battery. Basu laughed and responded, "Not in my house." When the officer persisted, Basu became enraged and tried to slam the door, and the officer called for assistance. After the back-up officer arrived, both officers entered the apartment. Basu insisted that they could not enter his home and could not arrest him. When the back-up officer grabbed Basu's arm, Basu turned and pulled away, heading for a back bedroom. Basu then balled his fist and turned toward the back-up officer. At that point, the officers forcefully restrained Basu and arrested him. The arresting officer testified that while Basu was sitting in the patrol car he admitted "that he had beat his wife many times before for talking badly to him."

At trial, Mrs. Basu denied that her husband had ever hit her. She also admitted, however, that in her culture, if a husband instructed his wife to deny to non-family members that he hit her, the wife would have to obey. *Held*:

1. The evidence, viewed in the light most favorable to the verdict, was sufficient to permit a rational trier of fact to find all the essential elements of battery and simple battery. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). A person commits the offense of battery when he intentionally causes visible bodily harm to another. OCGA § 16-5-23.1 (a). The pertinent elements of simple battery are intentionally making insulting or provoking physical contact with another's person. OCGA § 16-5-23 (a) (1). The arresting officer's testimony that Mrs. Basu appeared terrified, had a red, swollen face, knots on the back of her head, and said "that her husband had done it" satisfied the elements of both battery and simple battery. See *Johnson v. State*, 195 Ga. App. 723, 724 (2) (394 SE2d 586) (1990); *Wells v. State*, 222 Ga. App. 587, 588 (3) (474 SE2d 764) (1996) (physical precedent only) (finding evidence sufficient on all counts notwithstanding their merger). The trier of fact was entitled to reject Mrs. Basu's testimony denying that Basu hit her. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994) (appellate court does not weigh the evidence or determine witness credibility).

By failing to object at trial, Basu waived his contention that the arresting officer's testimony recounting his wife's statements constituted inadmissible hearsay. *Waldrip v. State*, 267 Ga. 739, 748 (12)

(482 SE2d 299) (1997). Moreover, the statements at issue, made so close in time to the offenses, were admissible as res gestae. OCGA § 24-3-3; *McKinney v. State*, 218 Ga. App. 633, 634 (1) (463 SE2d 136) (1995).

Notwithstanding Basu's argument to the contrary, the State's failure to conduct a hearing under Uniform Superior Court Rule 31.3 before eliciting the arresting officer's testimony that Basu admitted he had previously beaten his wife does not require reversal.[1] While compliance with Rules 31.1 and 31.3 is mandatory for the admission of all prior acts involving the victim and the accused, the issue was waived by Basu's failure to object at trial or raise it on motion for new trial. *Williams v. State*, 218 Ga. App. 785, 787 (2) (463 SE2d 372) (1995); see *Maxwell v. State*, 262 Ga. 73, 75 (2) (414 SE2d 470) (1992).[2]

2. By failing to raise the issue in the trial court, Basu waived his argument that his battery and simple battery charges merged. *Henderson v. State*, 218 Ga. App. 311 (3) (460 SE2d 876) (1995); *Edmonson v. State*, 212 Ga. App. 449, 451 (3) (442 SE2d 300) (1994). In light of the sentence imposed, which precludes the pursuit of habeas proceedings, we decline to exercise our discretion by addressing this issue.[3] Compare *Wells*, 222 Ga. App. at 588 (3).

3. The evidence was sufficient to support both charges of obstruction, one on each officer. *Jackson v. Virginia*, 443 U. S. at 319-320. The elements of misdemeanor obstruction of an officer are the knowing and wilful hindrance of a law enforcement officer lawfully discharging his or her duties. OCGA § 16-10-24 (a). Even verbal exchanges may be sufficient to establish the hindrance element. *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992). Thus, the testimony that Basu resisted the initial attempt to arrest him by refusing to comply with the arresting officer's orders and attempting to slam the door in his face, purposefully attempted to elude the back-up officer, and balled his fist in an implicit attempt to strike the back-up officer was sufficient to support the verdicts.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

---

[1] The State's failure to even address this issue is disappointing.

[2] The record on appeal includes no transcript from the motion for new trial hearing. See *Howe v. State*, 250 Ga. 811, 814 (2) (301 SE2d 280) (1983) (Where record does not fully disclose what transpired, complaining party bears the burden of providing transcript). The issue was not raised in Basu's written motion for new trial.

[3] Basu received a 36-month sentence on the four misdemeanor counts. His jail time was suspended on condition that he complete a domestic violence intervention program, pay a fee therefor, and perform community service.

594

*James M. Mullis*, for appellant.

Ratan Basu, *pro se.*

*Ralph T. Bowden, Jr., Solicitor, W. Cliff Howard, Ladonya M. Horton, Assistant Solicitors*, for appellee.