A98A0777. NELSON v. THE STATE.
(503 SE2d 335)

Judge Harold R. Banke.

Calvin Leon Nelson was convicted of aggravated assault, kidnapping with bodily harm, and armed robbery. He received two concur-

rent life sentences without parole on the kidnapping and armed robbery charges and a concurrent twenty-year sentence for the aggravated assault. He enumerates three errors on appeal.

This case arose late at night as the victim was about to enter her car in a Wal-Mart parking lot. Nelson suddenly appeared, slipped a paper bag over her face, and repeatedly punched her. He took her keys, opened the door, and pushed her onto the floorboard, at which point, the bag came off her head. When she begged him to let her go, he responded, "Shut up bitch, or I'm going to kill you with this" and showed her a hatchet which had been strapped to his leg. While he was trying to start the car, the victim continued to cry and beg him to release her. As Nelson pulled away, the victim managed to get the door open, and Nelson lunged for her and repeatedly hit her with the hatchet as they both rolled out of the car. When two men, responding to the victim's cries for help, approached, Nelson ran. During the ensuing pursuit, a police car ran him down, at which point he was apprehended. The victim's head, neck, shoulder and right hand, and arm were injured. *Held*:

1. Nelson maintains the evidence that he used an offensive weapon to take the car is insufficient to sustain his armed robbery conviction. We are constrained to agree.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ." OCGA § 16-8-41 (a). Although a conviction may be upheld even if the victim never saw or described the weapon, some physical evidence of a weapon or some proof from which the presence of a weapon may be inferred is required. *Howard v. State*, 201 Ga. App. 164, 165 (1) (410 SE2d 782) (1991); *Hughes v. State*, 185 Ga. App. 40, 41 (363 SE2d 336) (1987). When the weapon is unseen, "[t]he question is whether the defendant's acts created a 'reasonable apprehension on the part of the victim that an offensive weapon (was) being used.'" *Johnson v. State*, 195 Ga. App. 56, 57 (1) (a) (392 SE2d 280) (1990).

Our decision turns on the fact that under Georgia law the force essential to armed robbery must either precede or be contemporaneous with, and not subsequent to, the taking. *Maddox v. State*, 174 Ga. App. 728, 729 (1) (330 SE2d 911) (1985); see LaFave & Scott, Criminal Law, § 8.11, p. 437 (1986). For example, in *Gatlin v. State*, 199 Ga. App. 500 (1) (405 SE2d 118) (1991), we reversed an armed robbery conviction for insufficient evidence where the defendant grabbed some money from an open cash register drawer, and the clerk immediately snatched it back. Only then, in an effort to retrieve the money, did the robber display a gun, but the clerk refused to yield to his threat and nothing of value was taken by use of the gun. Id. We

found the evidence of use of a weapon during the taking was insufficient to support an armed robbery conviction. Id. at 501 (1).

Here, the victim necessarily did not see the hatchet when Nelson took the car, because he placed a bag over her head as she was about to unlock her door. The victim testified that Nelson hit her with his hand and fist, told her to "shut up," took her keys, opened the door, pushed her into the car, and got in the driver's seat. Only *after* Nelson took complete control of the car, while the victim was crouched in the passenger side floorboard begging for release, did he threaten her with the hatchet. The weapon did not figure until after the car was taken. *Gatlin*, 199 Ga. App. at 501. Nor is there evidence that Nelson ever feigned possession of a weapon. Compare *Johnson*, 195 Ga. App. at 57 (1) (a).

Although the dissent seeks to rewrite the armed robbery statute, we feel constrained to follow the law. Our statute requires that the taking be effectuated by the use of an offensive weapon, which, as the indictment stated, was a hatchet. Without question, the evidence shows that Nelson took the vehicle without displaying the hatchet or implying that he had any weapon at all. After Nelson took the keys, opened the door, pushed the victim into the passenger floorboard and placed the keys in the ignition, the robbery was complete. *Barnett v. State*, 204 Ga. App. 588, 589 (2) (420 SE2d 96) (1992) (robbery complete when cash in register was taken into defendant's possession); *Miller v. State*, 174 Ga. App. 42, 45 (5) (329 SE2d 252) (1985) (robbery complete when wallet was taken from victim); *Miller v. State*, 169 Ga. App. 668, 669 (2) (314 SE2d 684) (1984). At that point, the terrified victim was subdued. Cf. *Emmett v. State*, 199 Ga. App. 650, 651-652 (3) (405 SE2d 707) (1991).

This fact distinguishes *Emmett*, on which the dissent relies. In *Emmett*, we found that the robber used a weapon to acquire and maintain control of the vehicle. Id. at 652. Here, Nelson acquired control without using a weapon. When Nelson first showed the victim the hatchet, she was cowering on the floorboard begging for her release.[1] There is no evidence that the victim in any way challenged Nelson's possession of the car or that he used the weapon to maintain possession.

---

[1] The dissent's reliance on *Watkins v. State*, 207 Ga. App. 766 (430 SE2d 105) (1993), is also misplaced. In *Watkins* the defendants robbed the victim of his money using a knife, entered his home and took a gun, which they then used to force him into the trunk of his car, which they drove to another location. Id. at 766-767 (1). After a significant period of time, they took his watch without using or threatening to use a weapon. This Court found the evidence insufficient to support the charge of armed robbery of the watch. Id. at 769 (1) (c). Because the defendants in *Watkins* used weapons to take a number of the victim's belongings over an uninterrupted period of time, the Court described the crime as a continuous transaction. Id. Such is not the case here where only the victim's car was taken.

The victim's testimony belies the dissent's inventive twist on the facts as a "continuous" armed robbery. It shows that at no time did she attempt to regain control of her car or make any effort to dispute possession of it. Compare *Emmett*, 199 Ga. App. at 652. Nothing in the record supports a finding that Nelson used the weapon to maintain his control over the car. Compare id.[2]

Had the victim here fought to reclaim her vehicle or had Nelson used the hatchet to take a number of the victim's belongings over an uninterrupted period of time, a finding that the robbery was a continuous transaction would be justified, but the record does not support such findings. Compare *Emmett*, 199 Ga. App. at 652; compare *Watkins v. State*, 207 Ga. App. 766, 768 (1) (b) (430 SE2d 105) (1993). Under this proof, we cannot say the State made any showing that during the actual robbery a weapon was used or the victim reasonably apprehended that a weapon was being used. *Gatlin*, 199 Ga. App. at 500-501 (1); see *Moody v. State*, 258 Ga. 818, 820 (1) (375 SE2d 30) (1989); *Watkins*, 207 Ga. App. at 768-769 (1) (c).

Further, the indictment charges that both the armed robbery and the aggravated assault were committed with the hatchet. Under the facts of record, the aggravated assault charge would necessarily merge with the armed robbery charge, had that issue been properly preserved. See *Herndon v. State*, 229 Ga. App. 457, 460-461 (11) (494 SE2d 262) (1997); cf. *Taylor v. State*, 219 Ga. App. 475, 478 (4) (465 SE2d 473) (1995).

Because the evidence is more than sufficient to establish the lesser included offense of robbery by intimidation, this case is remanded for a new trial or resentencing on the lesser included offense. OCGA § 16-8-41 (a); *Talbot v. State*, 198 Ga. App. 636, 637 (1) (402 SE2d 366) (1991).

2. In his second and third enumerations, Nelson argues that for sentencing purposes (1) his aggravated assault charge should have merged with the kidnapping with bodily injury charge and (2) the aggravated assault charge should have merged with the armed robbery charge. However, the record contains no showing that Nelson raised these issues in the trial court before, during, or after trial. *Edmonson v. State*, 212 Ga. App. 449, 451 (3) (442 SE2d 300) (1994). Accordingly, these enumerations are not properly before us for appellate review. Id.; *Basu v. State*, 228 Ga. App. 591, 593 (2) (492 SE2d 329) (1997).

Moreover, had the issues been properly preserved, we would affirm. The facts show that the aggravated assault, described in the

---

[2] We note that *Emmett* does not address the requisites of a "continuous" or "ongoing" crime.

indictment as occurring when Nelson hit the victim with the hatchet, transpired as the victim managed to crawl from the car. The kidnapping occurred earlier, as Nelson beat the victim into the car and drove off. The disposition of Division 1 renders moot any merger argument regarding the armed robbery charge.

*Judgment affirmed in part and reversed in part. McMurray, P. J., Blackburn, Ruffin and Eldridge, JJ., concur. Andrews, C. J., and Pope, P. J., concur in part and dissent in part.*

POPE, Presiding Judge, concurring in part and dissenting in part.

I respectfully dissent from the majority's opinion in Division 1, as the evidence adduced at trial supports the conviction for armed robbery.

The record shows that when the victim reached her car, Nelson attacked her and shoved her into her car. Sometime during that struggle, Nelson took the victim's car keys. While they were in the car, the victim was crying and pleading with Nelson to let her go, and he showed her a hatchet and threatened to kill her. After threatening the victim with the hatchet, Nelson started the car and began to drive it away. When Nelson brandished the hatchet, the robbery was an ongoing event. Thus Nelson used the hatchet "to acquire and maintain superiority" over the victim in order to accomplish the armed robbery. *Emmett v. State*, 199 Ga. App. 650, 651-652 (405 SE2d 707) (1991). Cf. *Watkins v. State*, 207 Ga. App. 766, 768 (430 SE2d 105) (1993) (sustaining indictment averring armed robbery committed with gun, even though money was taken while knife was held to victim's neck, where gun was used later "to retain illegal control and possession" over money as a part of "a continuous armed robbery transaction").

In *Emmett*, the defendant entered a UPS truck, pointed a gun at the driver, and ordered him to drive to a parking lot. There, he told the driver to get in the back of the truck where he tied the driver up and began driving the truck himself. This Court was considering the issue of whether the defendant's armed robbery conviction merged into the offense of kidnapping. The Court held that the kidnapping was complete when the defendant entered the truck, pointed the gun at the victim and ordered him to drive away. The armed robbery occurred when the defendant used the gun to "acquire and maintain superiority" over the victim. *Emmett*, 199 Ga. App. at 651-652.

In this instance, while Nelson was able to force the victim into the car and take the keys without the use of a weapon, he pulled the hatchet to acquire and maintain superiority over the victim once they were in the car. Contrary to the majority opinion, I do not believe it was necessary for the victim to be actively resisting Nelson at the time he pulled the hatchet in order to determine the robbery was still

in process. The use of the hatchet gave Nelson control over the car, allowing him to start it and drive it away. Thus, the use of the weapon was not "subsequent" to the robbery but "contemporaneous with it." *Young v. State*, 251 Ga. 153, 157 (303 SE2d 431) (1983). The hatchet was an integral and necessary component for completing the robbery.

Nelson's conviction for armed robbery should be affirmed.

I am authorized to state that Chief Judge Andrews joins in this opinion.

DECIDED JUNE 25, 1998 —<br>RECONSIDERATION DENIED JULY 13, 1998 — 

*Merritt & Rose, C. Nathaniel Merritt,* for appellant.
*Dupont K. Cheney, District Attorney, John T. Durden, Jr., Assistant District Attorney,* for appellee.