S00A0992. BRADLEY v. THE STATE.
(533 SE2d 727)

THOMPSON, Justice.

Michael Paul Bradley was convicted by a jury of felony murder while in commission of a kidnapping, armed robbery, and hijacking a motor vehicle in connection with the shooting death of Kay Slaughter Webb.[1] He appeals from the denial of his motion for new trial. Because we conclude that the State failed to establish venue for the robbery and hijacking offenses, Bradley is entitled to be re-tried for those crimes in the proper venue. The conviction for felony murder is affirmed.

On the morning of March 11, 1996, Kay Slaughter Webb was kidnapped while delivering newspapers for the Athens Banner-Herald. She was shot in the head at close range and left for dead on the shoulder of Interstate 20 in Morgan County, Georgia. She died four days later. The lethal bullet had been fired from Bradley's rifle.

Bradley was arrested in his parent's home in North Carolina and charged with the crime. In a custodial statement to North Carolina law enforcement officers, Bradley disclosed the following: He and his friend, David Bull, decided to leave their home state of North Carolina to visit a friend of Bull's in Texas. They stole a car belonging to

---

[1] The crimes occurred on March 11, 1996. A three-count indictment was returned on June 3, 1996, charging Bradley with felony murder, armed robbery of a motor vehicle, and hijacking a motor vehicle. The State served notice of intent to seek the death penalty on July 29, 1996. Voir dire was conducted from July 8, 1997 to July 11, 1997. Trial commenced on July 14, 1997, and the jury returned its verdict of guilty as to all counts on July 17, 1997. On the following day, the jury fixed the sentence at life imprisonment. Bradley was sentenced on July 18, 1997, to two consecutive sentences of life imprisonment for felony murder and armed robbery, and 20 consecutive years for hijacking a motor vehicle. A motion for new trial was filed on July 30, 1997, and denied on January 6, 2000. Bradley's notice of appeal was filed on January 31, 2000. The case was docketed in this Court on March 3, 2000, and was submitted for decision on briefs on April 24, 2000.

Bull's father and Bull left his parents a note that he was leaving. The two then drove to Bradley's home where he picked up some clothes and his rifle and they continued on their trip. Shortly after entering Georgia their tire blew and they exited Interstate 20 and drove into a fast food restaurant parking lot in Greene County. They observed Ms. Webb drive into an adjacent parking lot where she proceeded to check the newspaper rack. Armed with Bradley's rifle, Bull approached her and forced her at gunpoint to drive her car to their disabled vehicle. They transferred their belongings to the trunk of Ms. Webb's car and they ordered her to drive west on Interstate 20. She implored Bull not to harm her. Eventually, Bull ordered her to pull off the road, get out of the car, and walk into the woods. Bradley claimed that he remained in the car and then heard a gunshot, whereupon Bull returned and announced that he had shot the woman because she had seen his face. The two then continued on to Texas in the victim's car. On March 15, they drove through Arkansas where Bull telephoned his mother and told her that he had killed a woman. On the following morning, they returned to their respective homes in North Carolina. Bull committed suicide that day.

Bradley gave two additional custodial statements to GBI agents in which he admitted that he had not revealed the full extent of his participation in the crimes. In these statements, Bradley disclosed that Bull said he would shoot somebody to get a car; that when Bull ordered the victim into the woods Bradley "figured . . . [Bull] was going to shoot her"; that he "knew what was happening was wrong and [he] voluntarily went along with the lady being abducted"; that the victim made eye contact with Bradley as if she wanted his help but he was afraid to help her; that after Bull fired the shot, he returned to the car with the rifle and told Bradley that he shot the victim in the head and left her in a ditch; and that Bradley drove the victim's car away from the scene.

1. The evidence, which established Bradley's willing participation in the crimes, was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Compare *Bullard v. State*, 263 Ga. 682 (1) (436 SE2d 647) (1993) (where circumstantial evidence was insufficient to convict defendant as a party to the crime).

2. But in examining sufficiency of the evidence, we must also determine whether the State carried its burden of proving venue, an essential element of a criminal charge. *Graves v. State*, 269 Ga. 772 (1) (504 SE2d 679) (1998).

The trial court rejected Bradley's argument that the State failed to prove venue for the crimes of armed robbery of a motor vehicle and hijacking of a motor vehicle in Morgan County where he was charged and tried. We agree with Bradley that venue for these crimes was not

properly laid in Morgan County.

Bull approached the victim at a newspaper stand in Greene County where he forced her at gunpoint to get into her car and drive to his disabled vehicle in an adjacent parking lot. There Bradley and Bull transferred their belongings to her car, entered the victim's car, and ordered her at gunpoint to drive until she was eventually told to stop alongside Interstate 20 in Morgan County. It was in Morgan County that she was taken from her car and shot and killed. Bradley was indicted for all offenses in Morgan County.

Our Constitution mandates that "all criminal cases shall be tried in the county where the crime was committed." Art. VI, Sec. II, Par. VI. See also OCGA § 17-2-2 (a). Thus, venue is proper in the location where all elements of the crime are committed. *Miller v. State*, 169 Ga. App. 668, 669 (2) (314 SE2d 684) (1984).

The relevant offenses are as follows: "A person commits the offense of hijacking a motor vehicle when such person while in possession of a firearm or weapon obtains a motor vehicle from the person or presence of another by force and violence or intimidation." OCGA § 16-5-44.1 (b). "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a).

Even " '[t]he slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation' " for the offense of armed robbery to be complete under OCGA § 16-8-41 (a). *James v. State*, 232 Ga. 834, 835 (209 SE2d 176) (1974). And it is not necessary that the property taken be permanently appropriated. Id. Accord *Dillard v. State*, 223 Ga. App. 405 (3) (477 SE2d 674) (1996).

In *Dillard*, supra, the defendant was convicted of armed robbery of a motor vehicle, hijacking a motor vehicle, kidnapping, and rape. The evidence showed that the victim was forced into the back seat of her car in Clarke County and repeatedly sexually assaulted during the drive to Florida where she was ultimately released. The court rejected defendant's argument that venue for the armed robbery offense was improper in Clarke County because the victim had remained in the presence of her vehicle at all times. Instead, the court held that dominion of the victim's property transferred to the defendant in Clarke County and the crime was complete at that point. See also *Miller*, supra (venue for armed robbery laid in Clarke County where victim's money was taken from her purse, even though her purse stayed within her presence in her stolen car until she was released in another county).

Similarly, Bradley and Bull forced the victim at gunpoint into her car in a parking lot in Greene County and then ordered her to

drive into Morgan County where she was taken from the car and shot. The victim lost "complete dominion" over her vehicle in Greene County when she was forced to transfer possession of it to her attackers. It is of no consequence that she continued as driver because she was compelled at gunpoint to follow her attackers' orders and was not acting freely and voluntarily. Both the offense of armed robbery and hijacking of a motor vehicle were complete in Greene County. "Venue is a jurisdictional fact that must be proved by the prosecution beyond a reasonable doubt," where such challenge is asserted at trial. *Graves*, supra at 773.

Neither OCGA § 16-8-1 nor OCGA § 17-2-2 (d) is applicable to confer venue in Morgan County. OCGA § 17-2-2 (e), known as the traveling venue statute, provides that when a crime occurs in transit in a vehicle in this state and it cannot readily be determined in which county the crime was committed, venue is proper in any county in which the crime could have been committed through which the vehicle has traveled. Hijacking and theft of the vehicle in this case definitively occurred in Greene County. Compare *Miller v. State*, 174 Ga. App. 42 (329 SE2d 252) (1985) (applying OCGA § 17-2-2 (e) where it could not be determined in which county the crime occurred).

OCGA § 16-8-11 supplies venue for certain *specified* offenses involving theft.[2] It provides that for those enumerated offenses, the crime shall be considered as having been committed in any county in which the accused exercised control over the property which was the subject of the theft. Armed robbery is not among those crimes enumerated in OCGA § 16-8-11.

Since the State failed to prove venue for armed robbery and hijacking in Morgan County, as to those offenses, "the verdict rendered is contrary to law and without sufficient evidence to support it." *Graves*, supra at 773.

The indictment specified kidnapping as the felony underlying the felony murder count. Kidnapping is not a continuing offense; it is complete in the county in which the victim is abducted. *Miller v. State*, supra at 174 Ga. App. 44 (3). Although the kidnapping was complete in Greene County, the conviction for felony murder in Morgan County nevertheless stands because the victim was under the continuous control of the defendant until she was killed; thus, the murder was within the res gestae of the kidnapping. *Lee v. State*, 270 Ga. 798, 801 (4) (514 SE2d 1) (1999).

---

[2] OCGA § 16-8-11 applies to theft by taking (OCGA § 16-8-2); theft by deception (OCGA § 16-8-3); theft by conversion (OCGA § 16-8-4); theft of services (OCGA § 16-8-5); theft involving stolen property (OCGA §§ 16-8-7 to 16-8-9); theft of trade secrets (OCGA § 16-8-13); shoplifting (OCGA § 16-8-14); and conversion of payments for real property improvements (OCGA § 16-8-15).

3.

The failure to establish venue does not bar re-trial in a court where venue is proper and proven. [Cits.] This is true for two reasons: (1) If a defendant is tried in the wrong venue, that trial court lacks jurisdiction of the offense so that no jeopardy attaches. [Cit.] And, (2) evidence of venue does not go to the guilt or innocence of the defendant; insufficient evidence of venue is a trial error that does not bar re-trial under *Burks v. United States*, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978) and its progeny.

*Kimmel v. State*, 261 Ga. 332, 334 (1) (404 SE2d 436) (1991). It follows that the State is authorized to retry Bradley for the offenses of armed robbery and hijacking in the proper venue.

4. Because the judgments of conviction for armed robbery of a motor vehicle and hijacking a motor vehicle are void for lack of venue, see *Wright v. State*, 219 Ga. App. 119 (2) (464 SE2d 216) (1995), it is premature to reach the issue of whether the two offenses must merge for sentencing because of the prohibition against double jeopardy of the Georgia Constitution.

5. The trial court did not err in admitting a state trooper's videotape of the victim in life on the side of the road shortly after she had been shot. The court properly determined that the videotape had probative value, was relevant and admissible, as it accurately depicted the ongoing crime shortly after the shooting occurred. See *Bullard v. State*, supra at 685 (5).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000.

*Kevin R. Christopher*, for appellant.

*Fredric D. Bright, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.