## A08A1328. WESLEY v. THE STATE.

(669 SE2d 511)

BERNES, Judge.

A Fayette County jury convicted Arnold Bernard Wesley of armed robbery, kidnapping with bodily injury, and theft by taking a motor vehicle. Wesley appeals, contending that the trial court erred in denying his motion for a directed verdict of acquittal as to the armed robbery charge. He also argues that his trial counsel was ineffective for failing to file written requests to charge the jury on lesser included offenses. We discern no error and affirm.

Viewed in the light most favorable to the verdict,[1] the trial evidence shows that the victim operated a landscaping business and Wesley was his employee. On the date of the incident, Wesley and the victim had been working together on a landscaping job. After they finished, they went to the victim's residence planning to take a lunch break and then to cut the victim's grass. While they were taking their break, the victim offered to get Wesley a beverage. As the victim walked away to get the beverage, Wesley delivered two blows to the victim's head. After the victim fell to the floor, Wesley tied the victim's hands behind his back, rummaged through the victim's shirt and pants pockets, and took the victim's wallet.

Wesley then dragged the victim down a flight of stairs and into the basement. While they were in the basement, the victim noticed the gun in Wesley's hand. Wesley held the gun up, threatened to kill the victim, and demanded the victim's checking account number, pin number, and burglar alarm code. The victim recognized the gun as being one of his own that was loaded with hollow point bullets. The victim was afraid that he would be shot, so he complied with Wesley's demands and did not resist.

Thereafter, Wesley left the victim in the basement and searched the residence for valuables. Wesley took several of the victim's

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

belongings, including a video cassette recorder, a rifle, a shotgun, and a pistol. After the robbery, Wesley drove away in the victim's vehicle.

The victim sustained two large lacerations to his head and a broken finger as a result of Wesley's attack. The victim passed out after being left in the basement, where he was later discovered by his wife and a police officer who had been called to the scene.

During a police investigation, the victim identified Wesley as the perpetrator. When the officers attempted to arrest Wesley, he led them on a foot chase and engaged in a standoff that lasted for approximately four and one-half hours. During the standoff, Wesley, who was still armed with the victim's handgun, threatened to commit suicide. In efforts to calm him, the police allowed Wesley to speak to the victim on the telephone. At that time, Wesley tearfully apologized to the victim for what he had done.

Wesley was arrested, indicted, and convicted of armed robbery, kidnapping with bodily injury, and theft by taking a motor vehicle. His motion for new trial was denied by the trial court and this appeal ensued.

1. Wesley contends that the trial court erred in denying his motion for a directed verdict on the armed robbery charge. He argues that the evidence failed to show that he used a gun to take the victim's property. We disagree.

> A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.

OCGA § 16-8-41 (a). "[T]he force or intimidation essential to robbery must either *precede* or be contemporaneous with, and not subsequent to, the taking." (Citation and punctuation omitted; emphasis supplied.) *Maddox v. State*, 174 Ga. App. 728, 729 (1) (330 SE2d 911) (1985). See also *Nelson v. State*, 233 Ga. App. 385, 386 (503 SE2d 335) (1998), overruled on other grounds, *Curtis v. State*, 275 Ga. 576 (571 SE2d 376) (2002).

Wesley was charged with the armed robbery offense based upon allegations that he had taken the victim's video cassette recorder and firearms by use of a handgun. At trial, the victim testified that Wesley had brandished a handgun and had threatened to kill him before taking several of the victim's belongings, including a video cassette recorder and some additional firearms that were stored at the residence. The victim further testified that he was afraid of being shot by Wesley. The handgun therefore had the desired forceful effect on the victim and enabled Wesley to accomplish the robbery. As such,

the evidence established Wesley's guilt of the armed robbery offense as charged, and the trial court's denial of his motion for a directed verdict was proper. See *Moses v. State*, 265 Ga. App. 203, 210 (4) (593 SE2d 372) (2004); *Maddox*, 174 Ga. App. at 729-730 (1).[2]

2. Wesley also argues that his trial counsel rendered ineffective assistance by failing to file written jury charge requests on the lesser included crimes of false imprisonment and theft. Although trial counsel failed to request the jury charges in writing, he made the requests orally. The trial court considered the requests on the merits and substantively denied them.

"In order to establish ineffectiveness of trial counsel, [Wesley] must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense." (Citation and punctuation omitted.) *Green v. State*, 281 Ga. 322 (2) (638 SE2d 288) (2006). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Wesley has not met his burden in this case. Although the general rule is that jury charge requests must be in writing, see *Young v. State*, 280 Ga. 65, 68 (10) (623 SE2d 491) (2005), trial counsel's oral requests to charge were considered and substantively ruled upon by the trial court. Consequently, Wesley has not shown that he suffered any prejudice by his counsel's failure to present the requests in writing. See, e.g., *Wadley v. State*, 258 Ga. 465, 466 (1) (369 SE2d 734) (1988). Absent a showing of prejudice, his ineffective assistance claim must fail. See id. at 466 (3).[3]

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 14, 2008.

*Joseph S. Key*, for appellant.
*Scott L. Ballard, District Attorney*, for appellee.

---

[2] We further note that the evidence supports a finding that Wesley took the property from the victim's immediate presence. "One's 'immediate presence' in this context stretches fairly far, and robbery convictions are usually upheld even out of the physical presence of the victim if what was taken was under his control or his responsibility and if he was not too far distant." (Citation and punctuation omitted.) *Maddox*, 174 Ga. App. at 730 (1). See also *Moses*, 265 Ga. App. at 210 (4) (affirming an armed robbery conviction when the victim's property was taken during a home invasion).

[3] Any alleged error in the trial court's refusal to give the jury charges has been waived by Wesley's failure to enumerate error on this basis. See *Strickland v. State*, 221 Ga. App. 120, 121 (1) (470 SE2d 508) (1996); *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522) (1991).