# Court of Appeals
# of the State of Georgia

ATLANTA,　　March 12, 2014　　

*The Court of Appeals hereby passes the following order:*

## A14A1136. MICHAEL PAUL BRADLEY v. THE STATE.

Michael Bradley filed this direct appeal seeking review of the trial court's order granting the State's Motion to Dismiss as moot his Motion for Fast and Speedy Trial.[1] Neither motion is in the record, but, as the Supreme Court found, "it appears that [Bradley] filed his motion in an effort to force the State to act on non-murder charges which he seems to think were instituted in Green County after this Court's opinion" affirming his murder conviction. See *Bradley v. State*, 272 Ga. 740 (533 SE2d 727) (2000). The Supreme Court noted in its transfer order:

> Although the order being appealed was filed in [Bradley's] Morgan County murder case, his murder conviction has already been affirmed, all other convictions in the Morgan County case were reversed such that they do not remain pending in that case, and the issue of whether Morgan County could try him has been resolved.

An appeal of an issue that has become moot is subject to dismissal. See OCGA § 5-6-48 (b) (3). And a moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Here, Bradley has no right to a fast and speedy trial since the case in Morgan County has ended. Thus, any ruling by this Court would have no practical effect. Under these circumstances, the appeal is moot, and it is therefore DISMISSED. See OCGA § 5-6-

---

[1] Bradley initially filed his appeal in the Supreme Court, which transferred it to this Court after finding that the case did not invoke its jurisdiction.

48 (b) (3).



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 03/12/2014
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*