A94A0528. WILLIAMS v. THE STATE.
(444 SE2d 831)

SMITH, Judge.

Mikel Williams was tried along with three co-defendants on two counts of aggravated assault, one count of armed robbery, one count of criminal attempt to commit armed robbery, and one count of con-

spiracy to commit armed robbery. The charges alleged two attempts to rob a Foot Locker store in DeKalb County, with the second attempt accomplishing the goal of the enterprise. Each of the defendants jointly tried pled not guilty to all counts. Two other co-defendants were not tried with Williams. One entered a guilty plea prior to trial. The other, a Foot Locker employee not present at the time of the actual robbery, was awaiting a separate trial. Williams was found guilty of armed robbery, two counts of aggravated assault, and conspiracy to commit robbery as a lesser included offense of conspiracy to commit armed robbery. He was acquitted of the attempted armed robbery charge related to the attempt to rob the store preceding the completed crime. Williams appeals following the denial of his motion for new trial.

1. Williams makes a challenge to the jury array, OCGA § 15-12-162, contending that it was "underrepresentative of Black Americans." Williams concedes that at present the law entitles him only to a jury list comprised of a fair cross section of the community. See, e.g., *Caldwell v. State*, 263 Ga. 560, 563 (3) (436 SE2d 488) (1993). Rather, he presents for review whether the fair cross section requirement should be extended to ensure that the array itself likewise represents a fair cross section of the community to the extent possible. We find this issue to be controlled adversely to Williams by the decision of the Supreme Court in *Jewell v. State*, 261 Ga. 861, 862-863 (3) (413 SE2d 201) (1992). We find no distinction between *Jewell* and the present case, and we therefore find no error.

2. Williams contends the court abused its discretion in denying his motion to sever his trial from that of his co-defendants, asserting that their defenses were antagonistic to his own. We agree with Williams with respect to the general defense his co-defendants presented. Essentially their position was that their actions should be excused because Williams had kidnapped them, assaulted them, and forced them to participate in the robbery.

However, " '[t]he mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. (Cit.) A showing of harm is necessary. (Cit.)' [Cit.] 'It is not enough to claim that (one) has a better chance of acquittal in a separate trial. Rather, the burden is on defendant to show clear prejudice and in the absence of this showing the trial court's denial of the motion to sever will not be disturbed. (Cits.)' [Cit.] 'With the benefit of hindsight, it is incumbent upon this court to determine whether the trial court's decision to join the trial of the co-defendants . . . hindered a fair determination of the guilt or innocence of [the accused], and thus constituted a manifest abuse of discretion.' [Cit.]" *Head v. State*, 191 Ga. App. 262 (381 SE2d 519) (1989).

A fair determination by the jury of Williams's culpability was not

hindered by the denial of his motion to sever. Williams fails to point to any testimony or other evidence introduced at the joint trial he received that could not have been introduced against him in a separate trial. See, e.g., *Jordan v. State*, 210 Ga. App. 30, 31 (1) (435 SE2d 256) (1993). Limited admissibility of evidence appears to have been an issue only with respect to Williams's own incriminating statement, since his co-defendants each testified and were subject to cross-examination.

Without conceding that it is a legitimate course of inquiry, we also note that even if all evidence introduced as the result of his co-defendants' availability and willingness to testify were excluded, the evidence remaining is nevertheless clearly sufficient to find Williams guilty beyond a reasonable doubt. Two of Williams's co-defendants were not on trial, and their testimony, combined with the testimony of a juvenile participant and Williams's own detailed confession, was more than sufficient to convict him. Based on what actually transpired at trial, we find no reversible error. We do not read the federal cases cited by Williams as demanding a contrary result. See, e.g., *Smith v. Kelso*, 863 F2d 1564, 1567-1572 (11th Cir. 1989) (defendant must establish "compelling prejudice" amounting to fundamental unfairness).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED MAY 23, 1994 —
RECONSIDERATION DENIED JUNE 7, 1994.

*Peters, Townsend, Wilson & Roberts, R. Stephen Roberts, Cathy M. Alterman*, for appellant.

*J. Tom Morgan, District Attorney, Robert E. Statham III, Assistant District Attorney*, for appellee.