A94A0751. SULLIVAN v. THE STATE.
(444 SE2d 392)

POPE, Chief Judge.
Defendant Lloyd Sullivan was jointly tried with Malcolm Freeman and Torri McKissick. He was convicted of burglary and arson in the first degree and appeals his convictions.

1. Defendant, who presented no evidence at trial, contends the trial court erred in denying him the right to make the opening and concluding argument to the jury. However, after the State rested, codefendant Freeman, who testified on his own behalf, recalled a State witness to the stand. Freeman had not reserved the right to call the witness for further cross-examination nor did he state at the time he recalled the witness that he was doing so for further cross-examination. Noting this, the trial court ruled the witness had been called as a witness for the defense such that the State had the right to open and close the argument to the jury.

Generally, if the defendant in a criminal case introduces no evidence at trial, he is entitled to present argument to the jury both before and after the State makes argument. OCGA § 17-8-71. This right is not forfeited when the defendant testifies on his own behalf, provided he introduces no other evidence. OCGA § 24-9-20 (c). However, this right is not absolute, and if one defendant offers evidence in the trial of co-defendants, the right to open and close is lost to all defendants. *McDuffie v. Jones*, 248 Ga. 544, 546-547 (2) (283 SE2d 601) (1981); see also *Rogers v. State*, 205 Ga. App. 739, 744 (6) (423 SE2d 435) (1992).

"In this instance, [co-defendant Freeman] called for further testimony of a witness who had theretofore testified in behalf of the state.

Although the extent of the witness' testimony was limited, [Freeman] did not invoke any ruling from the court to permit him to further cross examine the witness after the state had closed. Thus, the court could well have concluded that [Freeman] was calling the witness as his own witness, which he had a right to do." *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698) (1979); see also *Phillips v. State*, 238 Ga. 497, 500 (233 SE2d 758) (1977).

We thus find the trial court did not err in ruling that co-defendant Freeman called the witness as his own and denying defendant the right to make the opening and concluding argument. See *Rogers*, 205 Ga. App. at 744.

2. Defendant also argues his in-custody statement should have been suppressed because the State violated OCGA § 17-7-210 by failing to provide him with the actual tape recording of his statement until the time of trial. This enumeration is without merit. OCGA § 17-7-210 provides for the exclusion of a defendant's in-custody statement if a copy of it has been requested, but has not been provided by the State. The State fully complied with this section by providing defendant with a copy of the transcript of his taped statement well in advance of trial. See *Johnson v. State*, 261 Ga. 236 (2) (404 SE2d 108) (1991); *Todd v. State*, 261 Ga. 766 (6) (410 SE2d 725) (1991). Moreover, defendant has made no showing of surprise or prejudice since his counsel was allowed to compare the tape to the transcript prior to its being used at trial and pointed to no material changes or inconsistencies in the content of the statement. See *Van Kleeck v. State*, 250 Ga. 551, 552 (1) (299 SE2d 735) (1983).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 26, 1994.

*J. Roland Dewitt*, for appellant.
*Lewis R. Slaton, District Attorney, Penny A. Penn, Barry I. Mortge, Assistant District Attorneys*, for appellee.