A97A0605. WILSON v. THE STATE.
(488 SE2d 121)

RUFFIN, Judge.

Bobby Joe Wilson was indicted and tried with his co-defendant, Joseph Gonzales, for burglary and theft by receiving stolen property. A jury found Wilson guilty of misdemeanor theft by receiving stolen property and Gonzales guilty of burglary. Enumerating four errors, Wilson appeals from his conviction. For reasons which follow, we affirm.

1. Wilson argues that the evidence was insufficient to sustain his theft by receiving conviction. We disagree.

The record shows the following. Janie Bishop-White testified that she arrived home one afternoon to find that her compact disc player, stereo receiver, and "boom box" had been stolen from her apartment. The police found the missing equipment at a pawn shop across the street from Bishop-White's apartment complex.

A pawn shop employee testified that on the day Bishop-White discovered the burglary, Wilson and Gonzales entered the pawn shop with Bishop-White's stereo equipment. Gonzales told the employee that the equipment belonged to his mother and that Wilson had agreed to pawn the equipment for him, since he did not have the required identification. The employee obtained the necessary information from Wilson, including his fingerprint, and gave the men $75 for the merchandise. Shortly thereafter, police officers entered the pawn shop and inquired whether a stereo had been pawned that day. When the employee indicated that he had received a stereo, the police brought Bishop-White to the shop to identify her equipment. The employee further testified that Wilson telephoned the shop later that day and stated that "[Gonzales] wanted him to pawn [the equipment] using his ID and he wasn't aware of it, that it was stolen merchandise, and that he would get [the pawn shop's] money back." According to the employee, Wilson never returned the money.

Wilson testified that although he helped Gonzales pawn the

equipment, he had no idea that it was stolen and believed it belonged to Gonzales' mother. According to Wilson, he made sure the shop employee understood he was pawning the equipment for Gonzales so that, if the equipment was in fact stolen, the pawn shop would know he did not "have anything to do with it." Wilson further testified that after receiving $75 for the pawned merchandise, he and Gonzales left the shop and Gonzales gave him $20 or $25. Later that day, Wilson learned that the police were looking for him in connection with the stolen articles and called the pawn shop to explain that he was not aware the merchandise was stolen. He testified that he also told the police about his lack of knowledge.

" 'On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and [Wilson] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) ((1979)). . . . As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' . . . [Cit.]" *Leigh v. State*, 223 Ga. App. 726, 728 (2) (478 SE2d 905) (1996).

Viewed in this light, we find the evidence sufficient to support Wilson's conviction. Under OCGA § 16-8-7 (a), "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property." Knowledge that goods are stolen may be established by both direct and circumstantial evidence. *Daras v. State*, 201 Ga. App. 512, 513 (1) (c) (411 SE2d 367) (1991). "Although guilty knowledge is essential to a conviction of the accused, such knowledge can be inferred from circumstances which would, in the opinion of the jury, lead a reasonable man to believe that the goods were stolen. [Cit.]" Id.

" 'Unexplained possession of recently stolen property, alone, is not sufficient to support a conviction for receiving stolen property but guilt may be inferred from possession in conjunction with other evidence of knowledge.' [Cit.]" Id. at 514. In this case, the evidence showed that Wilson entered the pawn shop with Gonzales, pawned the stolen merchandise, and accepted $20-$25 from Gonzales. Furthermore, Wilson admittedly had some concern that the equipment might be stolen and thus stressed to the pawn shop employee that it belonged to Gonzales. This evidence, combined with permissible inferences raised by the evidence, was sufficient to permit a rational

trier of fact to find Wilson guilty beyond a reasonable doubt of theft by receiving stolen property. See *Daras*, supra.

Wilson's testimony and out-of-court statements that he had no knowledge that the property was stolen does not require reversal. Wilson's credibility was a question for the jury, who chose not to believe his account. *Harris v. State*, 267 Ga. 435, 436-437 (1) (479 SE2d 717) (1997). Accordingly, this enumeration of error has no merit.

2. Wilson also argues that the trial court denied him a thorough and sifting cross-examination of Officer Larry Watkins. We find no error.

At trial, Wilson attempted to cross-examine Watkins regarding a prior consistent statement he allegedly made to the officer. Gonzales objected, arguing that he would not be able to cross-examine Wilson regarding the statement, thus undermining his Sixth Amendment rights. The trial court conditionally sustained the objection, stating: "I'll sustain the objection to the questions at this point. If [Wilson] testifies, then [Gonzales] will not be deprived of his right of cross-examining [Wilson]. And if that happens, then I'll allow this witness to be recalled as to the issue of whether or not his prior consistent statement regarding whatever [Wilson] testifies to had been made or not made. So, I'm going to sustain [the] objection."

"The right of a thorough and sifting cross-examination shall belong to every party as to the witnesses called against him. If several parties to the same case have distinct interests, each may exercise this right." OCGA § 24-9-64. Wilson claims that the trial court denied him this right. As the State points out, however, the trial court, in an effort to balance the confrontation rights of both defendants, only *conditionally* excluded the testimony. The trial court clearly indicated that Wilson could cross-examine Watkins on the prior consistent statement if Wilson testified, as he later did.

Generally, "[t]he conditional grant of a motion in limine in a preliminary ruling is not a final ruling on the admissibility of evidence. [Cit.]" *Ingram v. State*, 253 Ga. 622, 632 (4) (323 SE2d 801) (1984). Furthermore, by testifying at trial, Wilson met the condition for cross-examining Watkins on the prior consistent statement. Watkins' testimony, therefore, was not excluded. Wilson argues, however, that the trial court's ruling required him to give up his right against self-incrimination and his right to open and to conclude closing argument if he elected to re-cross Watkins. According to Wilson, "to place [him] . . . in a position where [he] must [choose] between equally important rights is patently unfair and a denial of the right not chosen."

Pretermitting the question of whether a trial court can require a party to make such a selection, we conclude that the court's ruling did not force a choice in this case, and thus Wilson suffered no harm.

" '[T]he burden is on the party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. (Cit.)' [Cit.] We find no such error here." *Terry v. State*, 190 Ga. App. 570, 571-572 (2) (379 SE2d 604) (1989).

(a) The record shows that Wilson elected to testify on his own behalf, but also chose *not* to re-cross Watkins. It is clear, therefore, that Wilson's decision to give up his right against self-incrimination did not result from the trial court's ruling. Had that ruling been the catalyst for Wilson's decision, he certainly would have re-crossed Watkins regarding the prior consistent statement. Thus, despite Wilson's claim that the trial court improperly forced him to choose between his right to cross-examine Watkins and his right against self-incrimination, the record reveals that he did not give up one right for the other. See *Linares v. State*, 266 Ga. 812, 814-815 (3) (471 SE2d 208) (1996) ("[s]ince the record fails to establish that [the defendant] would have testified in his own defense if the trial court had ruled his statement was inadmissible, any review of his constitutional claim would be speculative").

(b) The trial court's ruling similarly did not force Wilson to sacrifice his right to open and to conclude closing argument.

Under OCGA § 17-8-71, "[i]f the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed." See also *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698) (1979) ("[i]t is beyond question in this state that where an accused offers no testimony or evidence into the trial of a case, other than his own testimony, he has the right to the opening and closing arguments"). Wilson claims that if he had recalled Watkins for further cross-examination, "he would have introduced in the course of the trial evidence in addition to his own testimony." We find, however, that Wilson would not have lost his right to open and to conclude closing arguments by subjecting Watkins to further cross-examination.

Mere cross-examination of a witness does not constitute "introduction of evidence" under OCGA § 17-8-71. *Kennebrew v. State*, 267 Ga. 400, 404 (4), n. 2 (480 SE2d 1) (1996). The trial court indicated that Wilson could cross-examine Watkins regarding the consistent statement if Wilson testified. After his testimony and pursuant to this ruling, Wilson could have recalled Watkins and cross-examined him about the statement without forfeiting his right to open and to conclude closing arguments. *Scott*, supra. Compare *Sullivan v. State*, 213 Ga. App. 308, 309 (1) (444 SE2d 392) (1994) (trial court did not err in concluding that the defendant called the State's witness as his own witness, thus precluding invocation of OCGA § 17-8-71, because

he "did not invoke any ruling from the court to permit him to further cross examine the witness after the state had closed"). Accordingly, this argument has no merit.

3. Wilson also argues that the trial court erred in refusing his request for severance. To succeed in this enumeration, Wilson must show "clear prejudice and in the absence of this showing the trial court's denial of the motion to sever will not be disturbed. With the benefit of hindsight, it is incumbent upon this court to determine whether the trial court's decision to join the trial of the co-defendants hindered a fair determination of the guilt or innocence of [Wilson], and thus constituted a manifest abuse of discretion." (Citations and punctuation omitted.) *Williams v. State*, 213 Ga. App. 458, 459 (2) (444 SE2d 831) (1994).

Wilson has not shown the requisite prejudice in this case. He argues that his right to thoroughly cross-examine Watkins and Gonzales' right to object to Watkins' testimony were in conflict, requiring a severance. The trial judge, however, gave Wilson the opportunity to cross-examine Watkins about the prior consistent statement if he testified. Although Wilson now claims that the trial judge's ruling improperly forced him to choose between his various rights, we found in Division 2 that he suffered no harm and thus was not prejudiced.

Wilson further argues that the trial court should have severed the trial because Gonzales' testimony against him was "pure falsehood." Wilson, however, never raised this argument below. The transcript shows that Wilson's severance motion was based on the trial court's decision restricting his cross-examination of Watkins, not prejudice allegedly resulting from Gonzales' testimony. " 'Grounds which may be considered on motion for new trial or on appeal are limited to those which were raised at trial.' " (Citations omitted.) *Hoover v. State*, 198 Ga. App. 481, 482 (3) (402 SE2d 92) (1991). Accordingly, Wilson failed to properly preserve this argument for review.

4. Finally, Wilson contends that his conviction should be reversed because the record "is devoid of any evidence indicating that [the] bailiffs, having charge of the jury in this case, were sworn by the trial court as required under OCGA [§] 15-12-140." Wilson bears the burden of showing affirmatively that the bailiffs were not sworn, and "where bailiffs take charge of juries, there is a presumption that they were regularly sworn." *Jackson v. State*, 152 Ga. 210, 213 (3) (108 SE 784) (1921); see also *Johnson v. State*, 27 Ga. App. 679, 681 (109 SE 526) (1921).

Wilson argues that the transcript contains no reference to the bailiffs' oath. Yet, that fact does not require a finding that the bailiffs were not properly sworn. *Jackson*, supra. In a further effort to rebut the presumption, Wilson submitted with his brief his own affidavit

stating that he did not see or hear the trial court swear the bailiffs during the trial. As we have consistently held, however, "a brief or attachment thereto cannot be used as a procedural vehicle for adding evidence to the record. We must take our evidence from the record and not from the brief of either party." (Citations and punctuation omitted.) *Brown v. State*, 214 Ga. App. 676, 678 (3) (448 SE2d 723) (1994).

Wilson has not rebutted the presumption that the bailiffs in this case were properly sworn. Accordingly, this enumeration has no merit.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JUNE 25, 1997.

*Nicholas Pagano*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Rose L. Wing, Assistant District Attorneys*, for appellee.