## A97A1439. O'NEAL v. THE STATE.
(491 SE2d 216)

ANDREWS, Chief Judge.

Craig O'Neal appeals from the judgment entered on a jury verdict finding him guilty on two counts of aggravated assault. He contends on appeal that the trial court erred in denying his motion to suppress and in ruling that the two counts of aggravated assault do not merge. We affirm the judgment of the trial court.

The evidence at trial, taken in the light most favorable to support the jury's verdict, was as follows. Jack Martin, the owner of the Country Kitchen restaurant, was leaving work around 11:00 on the night in question. He was carrying some food and the keys to his truck and was within a few steps of the truck when someone came running toward him with a weapon held in both hands about chest high. The assailant ordered him to freeze. Martin dropped the food and keys and started to "back-pedal." As he was backing up, Martin pulled out his own gun and fired. Martin tripped and fell down, firing one more time from the ground. He heard two gunshots and saw the assailant running back toward the road.

Shortly after being informed of the crime, officers found O'Neal and his brother in the woods about a quarter mile from the restaurant. Investigators found a tennis shoe in the mud in the restaurant parking lot and, when they arrested O'Neal, found the other tennis shoe beside him on the ground.

Agent Mansfield, with the GBI, testified he interviewed O'Neal after the arrest. He said O'Neal wrote a letter of apology to Martin,

in which he admitted to firing the gun "unintentionally."

1. In his first enumeration of error, O'Neal claims the trial court erred in denying his motion to suppress the statement made to investigators and his letter of apology to Martin. O'Neal claims the statement and apology were not voluntary because he was promised he would be charged with a lesser offense if he admitted to firing the shots. O'Neal testified at the *Jackson-Denno* hearing that Agent Mansfield told him that if he or one of the other suspects arrested did not say which one had done the shooting, they would all be charged with attempted murder.

Agent Mansfield testified at the hearing and denied threatening O'Neal in any way. Jerry Torbert, from the Sheriff's Department, testified that he was present during O'Neal's questioning and no one threatened O'Neal with a greater charge.

"The standard for determining the admissibility of confessions is the preponderance of the evidence. To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." (Citation and punctuation omitted.) *Gober v. State*, 264 Ga. 226, 228 (443 SE2d 616) (1994).

After hearing testimony, the trial court determined the statement and letter of apology were admissible. The court found the defendant was advised of his *Miranda* rights, that he understood and voluntarily waived those rights, and that the statement was freely and voluntarily given.

O'Neal has not shown that the trial court's findings as to the credibility of witnesses and the free and voluntary nature of his statement were in error. Accordingly, we uphold the trial court's decision. *Berry v. State*, 267 Ga. 605, 610 (481 SE2d 203) (1997).

2. O'Neal also claims the trial court erred in finding the two counts of aggravated assault did not merge and in sentencing him on both of them. One count charged aggravated assault with intent to rob and one count charged aggravated assault with a deadly weapon. O'Neal argues that this was a single incident proven by the same facts and not separate and distinct acts which would support a conviction under both counts.

In determining whether convictions on different counts merge, the law is that when the same underlying facts are used to prove both offenses, the convictions merge. *Hambrick v. State*, 256 Ga. 148, 150-151 (344 SE2d 639) (1986). Likewise, when the evidence shows that one crime is complete before the other occurs, there is no merger. *Keaton v. State*, 193 Ga. App. 603 (388 SE2d 737) (1989).

Here, the evidence at trial showed that O'Neal and some accom-

plices went to the Country Kitchen to steal some meat and also money if they found any. O'Neal saw Martin leaving the restaurant and ran toward him, pointed his gun and yelled freeze. At that point, the facts necessary for the jury to find O'Neal guilty of aggravated assault with intent to rob are complete.

Next, Martin dropped what he was carrying, began backing away and reached for his own gun. Martin fired his gun at O'Neal and O'Neal then fired two shots from his gun. These facts prove the offense of assault with a deadly weapon. Accordingly, the underlying facts used to prove each offense are different and the evidence showed that one crime was complete before the other occurred. *Taylor v. State*, 219 Ga. App. 475, 477-478 (465 SE2d 473) (1995); *Johnson v. State*, 190 Ga. App. 172, 173 (378 SE2d 700) (1989); *Lambert v. State*, 157 Ga. App. 275 (277 SE2d 66) (1981).

*Dupree v. State*, 217 Ga. App. 684 (458 SE2d 698) (1995), relied on by the defendant, does not demand a different result. In that case the defendant was charged with aggravated assault and aggravated battery. The State argued the aggravated assault was completed before the aggravated battery occurred. The victim testified: "I turned and looked and he shot me." We concluded this was a single transaction.

As the evidence discussed above shows, that is not the case here. The convictions do not merge. *Keaton*, supra.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 15, 1997.

*Ham, Jenkins, Wilson & Wangerin, Kevin A. Wangerin*, for appellant.

*Tommy K. Floyd, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.