## A98A2170. WARD v. THE STATE.
### (507 SE2d 506)

ELDRIDGE, Judge.

On July 11, 1997, defendant Jamie Vincent Ward took $5,000 from his grandfather's wallet while his grandfather was hospitalized in the Chatuge Regional Hospital. Ward used approximately $4,500 of the money to purchase a 1987 Camaro automobile. In order to cover up the crime, he burned his grandfather's trailer to the ground on July 18, 1997. Following his arrest, he confessed to his participation in the crimes to Investigator Wayne White of the Georgia Bureau of Investigation; he later recanted the portion regarding the arson. Such confession was read to the jury during Ward's trial. The jury convicted Ward of theft by taking and arson in the first degree. He was sentenced to twenty years, ten to serve. He appeals the conviction.

1. In his first enumeration of error, Ward claims that his motion to suppress his allegedly involuntary confession was improperly denied by the trial court. We disagree.

During pre-trial hearings (and also at trial), Investigator White testified that he had questioned Ward in his initial investigation, gave Ward *Miranda*[1] warnings when Ward became a suspect, and obtained a *Miranda* waiver prior to Ward's arrest. Ward's statement was written down by Investigator White. In the statement, Ward freely and voluntarily confessed, without threat or hope of benefit, to stealing $5,000 in cash from his grandfather's wallet and burning

---

[1] *Miranda v. Arizona*, 384 U. S. 436, 476 (86 SC 1602, 16 LE2d 694) (1966).

down the trailer. However, after admitting that he had burned the trailer, Ward recanted that part of the confession, and Investigator White documented the recantation. Ward subsequently read and signed the statement without threat or promise. Investigator White testified that he had not made threats or promises to Ward in order to secure his confession or cooperation with the investigation.

The trial court also heard defense allegations that, according to Ward, Investigator White had threatened Ward with immediate incarceration if he did not sign the confession. In addition, Ward asserted that Investigator White told him that this was a "family matter" and promised him that he would let Ward's family "handle this amongst themselves." The defense also presented evidence that Investigator White allegedly had used various threats of incarceration or promises of favorable treatment to secure confessions from other individuals, whose subsequent convictions were unrelated to this crime. Investigator White specifically denied such coercive tactics as to these or any other individuals.

After hearing evidence and arguments of counsel, the trial court stated that "it comes down to a question of credibility, and I choose to believe the testimony of Agent White concerning the circumstances of these statements. Therefore, I find by a preponderance of the evidence that [at the time he made the confession,] defendant Ward was not under any intimidation, fear of punishment, hope of reward, and the defendant Ward made his statement freely and voluntarily." Such determinations regarding the facts and witness credibility are entirely within the purview of the trial court and will not be disturbed unless such determinations are clearly erroneous. OCGA § 24-3-50; *Gober v. State*, 264 Ga. 226, 228 (443 SE2d 616) (1994); *O'Neal v. State*, 228 Ga. App. 162 (491 SE2d 216) (1997); *Morrow v. State*, 226 Ga. App. 833 (487 SE2d 669) (1997); see also *Marks v. State*, 210 Ga. App. 281, 283 (2) (435 SE2d 703) (1993). After reviewing the record in this case, we find that there was no error in the admission of the statement.

2. Ward also complains that a remark by Investigator White regarding the fact that Ward had previously been in prison deprived him of a fair trial and mandates reversal of his conviction. The remark was made in response to cross-examination regarding the circumstances of Investigator White's initial questioning of Ward; defense counsel asked the investigator if he had threatened to take Ward to prison if he did not cooperate with the investigation. Investigator White denied such threat and responded that "We talked of prison because [Ward] had just recently gotten out of Alto prison, I don't remember, a few days or a few weeks. . . ." Defense counsel objected, and the trial court instructed the jury to disregard Investigator White's statement. Defense counsel did not renew or preserve

his objection or move for a mistrial following the curative instruction. Accordingly, Ward cannot complain about the remark on appeal. *Jackson v. State*, 248 Ga. 480, 483 (2) (284 SE2d 267) (1981); see also *Harris v. State*, 190 Ga. App. 343, 346 (378 SE2d 912) (1989); *Tarver v. State*, 186 Ga. App. 905, 906 (2) (368 SE2d 828) (1988).

3. Finally, there is no evidence in the record to support Ward's remaining contention that he was "paraded" in front of the jury while wearing chains and shackles. Accordingly, it is without merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 2, 1998.

*David B. Gunter*, for appellant.
*Darrell E. Wilson, District Attorney, George N. Guest, Assistant District Attorney*, for appellee.