A01A1813. SMITH v. THE STATE.
(557 SE2d 496)

ELDRIDGE, Judge.

A Sumter County jury found Latorris C. Smith guilty of aggravated assault and voluntary manslaughter for acts Smith perpetrated during an argument with victim James Clyde Neal, which acts resulted in Neal's death from a gunshot wound to the head. Smith appeals and claims that three errors of law require reversal in the instant case and that his aggravated assault conviction should have merged with his voluntary manslaughter conviction for purposes of sentencing. Upon review, we find no merit to Smith's enumerated errors, and we affirm.

1. Smith contends his character was improperly placed into evidence by an investigating officer's testimony that he had seen Smith once at the Americus Police Department when Smith was under investigation.

The record shows that, upon objection to such testimony, Smith's defense counsel asked the trial court to give a curative instruction: "Whatever instruction you can give the jury about the relevance of the testimony would be appreciated." The trial court then complied, even to the extent of repeating before the jury in tandem with defense counsel the exact words counsel wanted the court to say. Following such instruction, defense counsel replied, "Thank you, Judge." No motions, objections, or requests for further action were made.

Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is waived.[1]

---

[1] *Jackson v. State*, 248 Ga. 480, 483 (2) (284 SE2d 267) (1981); *Ward v. State*, 234 Ga. App. 610, 612 (2) (507 SE2d 506) (1998).

Accordingly, the issue raised in Smith's first enumeration of error presents nothing for this Court to review.

2. We find no error in the trial court's refusal to allow a defense witness to testify that the victim told him he had engaged in a fight using a razorblade box cutter. Such testimony was hearsay, and no showing of "particularized guarantees of trustworthiness" "coupled with circumstances which attribute verity" was made so as to introduce such testimony under the necessity exception to the hearsay rule.[2]

Further, we reject Smith's contention that such evidence of violent acts by the victim was not to be introduced for the truth of the matter asserted therein and thus was not hearsay. The truth of the matter asserted was the purpose for the evidence, i.e., to reinforce Smith's justification defense based on "establish[ing] the existence of prior violent acts by competent evidence."[3] Smith's reliance on the Supreme Court of Georgia case of *Sturkey v. State*[4] is misplaced. *Sturkey* involved an oral threat by the victim issued against the defendant and communicated to the defendant by a third party prior to the incident in question. The truth of the matter asserted in the threat was not at issue, but simply that the threat was made and communicated to defendant Sturkey. That is not the scenario we have in this case which involves independent acts of violence by the victim toward others, the actual existence of which must be proved by competent evidence.

Finally, the trial court permitted nine prior acts of violence by the victim toward others to go before the jury, which included three other incidents wherein the victim allegedly attacked others with a razorblade box cutter. From our review of the record, we find it highly probable that the omission of the evidence about which Smith complains, evidence which was cumulative only, did not affect the verdict.[5]

3. We also find no error in the trial court's refusal to permit the Georgia Bureau of Investigation crime laboratory report on the victim's blood tests to go out with the jury during deliberations. The lab report was tendered and admitted for testimonial purposes. Two crime lab witnesses identified the report and testified as to its contents, including that the victim's blood contained cocaine metabolites and that the victim had a 0.08 blood alcohol content when he died. The report itself was simply cumulative of this testimony, and Smith fails to provide us with any rationale for admission of the report in

---

[2] *Turner v. State*, 267 Ga. 149, 154-155 (476 SE2d 252) (1996).
[3] *Shields v. State*, 272 Ga. 32, 34 (3) (526 SE2d 845) (2000).
[4] 271 Ga. 572, 573 (2) (522 SE2d 463) (1999).
[5] *Holder v. State*, 242 Ga. App. 479, 482 (529 SE2d 907) (2000).

light of the testimony thereon. There is no reversible error where the contents of a document are put into evidence through testimony but the document is not allowed.[6]

4. Smith assigns error to the trial court's failure at time of sentencing to merge his conviction for aggravated assault into his voluntary manslaughter conviction. We find no error.

Smith was indicted for assaulting the victim with a handgun, as well as for the murder of the victim. The evidence shows that, in the middle of an argument with the victim, Smith obtained a handgun, put it to the victim's head, and then started to put it back in his pocket. As the argument continued, Smith stated that he "put the gun to [the victim's] head again. I said, 'Look, man, just leave me alone. That's all I ask you. Just leave me alone.' " Smith then "pulled the gun back and put it back down like I was fixing to put it in my pocket so I could go on back to my room." At that point, Smith stated that he saw the victim reach into his pocket and that he feared the victim had a knife. He stated, " 'This [man's] fixing to kill me for real, and I ain't fixing to die,' so I just pulled the gun out and shot him in his head."

Under these facts, we find the assault on the victim with a handgun was independent of the killing itself.[7] Smith put the handgun to the victim's head twice before finally "pull[ing] the gun out" and killing the victim. Accordingly, there was no merger of the offenses.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 14, 2001.

*Joseph A. Grimsley*, for appellant.
*Cecilia M. Cooper, District Attorney, Richard E. Nettum, Assistant District Attorney*, for appellee.

---

[6] *Gantt v. Bennett*, 231 Ga. App. 238, 246 (10) (499 SE2d 75) (1998).
[7] See, e.g., *Foster v. State*, 264 Ga. 369 (1) (444 SE2d 296) (1994).