S02A0622. GRIER v. THE STATE.
S02A0623. LUCEAR v. THE STATE.
(569 SE2d 837)

HINES, Justice.

Grier and Lucear were indicted on charges of felony murder and aggravated assault, in connection with the death of Deon Dorsey.[1] They were tried and found guilty, and contend that after the trial court granted them new trials because of the State's failure to prove venue in the first trial, the trial court erroneously denied their pleas of former jeopardy. For the reasons that follow, we affirm the trial court's determination that no former jeopardy exists.

1. Grier and Lucear argue that to subject them to trial at this point violates the proscriptions against double jeopardy found in the Fifth and Fourteenth Amendments to the United States Constitution, and in Art. I, Sec. I, Par. XVIII of the 1983 Georgia Constitution. They argue that as proper venue is a fact that must be proved by the State beyond a reasonable doubt, see *Jones v. State*, 272 Ga. 900, 901-903 (2) (537 SE2d 80) (2000),[2] the failure to do so is a failure to prove every element of the crimes. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, the argument fails.

The Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime allegedly was

---

[1] Dorsey was killed on April 16, 1996. On May 21, 1996, a Fulton County grand jury indicted Grier and Lucear on one count of felony murder while in the commission of aggravated assault, six counts of aggravated assault with a deadly weapon, and two counts of aggravated assault with intent to rob. Grier and Lucear were tried before a jury September 8-11, 1998, and found guilty of all charges. They were each sentenced to life in prison, and each filed a motion for new trial. Lucear's motion for new trial was granted on February 5, 2001; Grier's motion was granted on March 3, 2001. Lucear filed a plea of former jeopardy on May 29, 2001, and amended it on May 31, 2001. Grier filed a plea of former jeopardy on May 31, 2001. The trial court denied both pleas of former jeopardy on June 22, 2001. Grier filed a notice of appeal from that denial on July 17, 2001, and Lucear filed his notice of appeal on July 19, 2001. Both cases were docketed in this Court on January 10, 2002, and argued on April 16, 2002.

[2] On the motions for new trial, the trial court determined that, in light of this Court's decision in *Jones*, supra, the State failed to establish venue, and that each defendant should have a new trial. The propriety of this ruling is not before this Court.

committed. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. See also OCGA § 17-2-2. And venue must be proved beyond a reasonable doubt when a defendant pleads not guilty and is put on trial. *Jones,* supra at 902 (2). But venue is not an element of the offense and does not prove or disprove the defendant's guilt. Id. at 904 (4). "Reversal due to improper venue is not a resolution of some or all of the *elements* of the offense charged." (Citation and punctuation omitted; emphasis in original.) Id.

Although Grier and Lucear contend that *Burks v. United States,* 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978), requires a finding that their new trials were granted based upon "insufficiency of the evidence," that argument has already been decided against them.

> The failure to establish venue does not bar re-trial in a court where venue is proper and proven. [Cits.] This is true for two reasons: (1) If a defendant is tried in the wrong venue, that trial court lacks jurisdiction of the offense so that no jeopardy attaches. [Cit.] And, (2) evidence of venue does not go to the guilt or innocence of the defendant; insufficient evidence of venue is a trial error that does not bar re-trial under *Burks v. United States,* 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978) and its progeny.

*Bradley v. State,* 272 Ga. 740, 744 (3) (533 SE2d 727) (2000) (quoting *Kimmel v. State,* 261 Ga. 332, 334 (1) (404 SE2d 436) (1991)).

Questions of sufficiency of the evidence under the standard of *Jackson v. Virginia,* supra, and whether the State has met its burden to prove venue, are separate. See *Bradley,* supra at 741 (1), (2). As this Court stated in *Jones,* supra, venue is a jurisdictional fact that must be proved by the State, but venue does not invoke double jeopardy concerns. *Jones,* supra at 904 (4). Consequently, the grant of a new trial here "is not a reversal due to 'insufficient evidence' within the ambit of *Burks* and its progeny." (Citation omitted.) Id. at 905 (4).

2. Grier and Lucear also argue that OCGA § 16-1-8 (d) (2) prohibits any retrial. OCGA § 16-1-8 provides expanded protection to criminal defendants facing retrial, beyond that provided by the constitutional bars to double jeopardy. See *State v. Estevez,* 232 Ga. 316, 317 (1) (206 SE2d 475) (1974). But, contrary to the arguments Grier and Lucear advance, the subsection on which they rely does not prevent their retrial.

OCGA § 16-1-8 (d), in its entirety, reads:

> A prosecution is not barred within the meaning of this Code section if:
> (1) The former prosecution was before a court which

lacked jurisdiction over the accused or the crime; or

(2) Subsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict.

Thus, under the language of the statute, retrial may occur if either of the two situations in subsection (d) exists. Grier and Lucear contend that the failure to prove venue means that "the evidence did not authorize the verdict" under subsection (d) (2), and therefore the situation set forth in that subsection does not exist, and subsection (d) (2) does not permit retrial. But that argument ignores the fact that retrial is permitted under OCGA § 16-1-8 (d) if either of the situations in its subsections exists. And under OCGA § 16-1-8 (d) (1), a subsequent prosecution is not barred if the "former prosecution was before a court which lacked jurisdiction over the accused or the crime."

A court in which venue is not proved does not have jurisdiction over the crime. " '(V)enue in criminal cases is a matter of jurisdictional fact, and like every other material allegation in the indictment must be proved beyond a reasonable doubt.' [Cits.] Where venue is not established by the state, any ensuing judgment is void, although reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven. [Cits.]" *Trogdon v. State*, 176 Ga. App. 246, 247 (1) (335 SE2d 481) (1985). See also *Bradley*, supra at 744 (3), (4). Thus, the State's failure to establish venue rendered the judgments void because the court lacked jurisdiction over the crimes, and retrial is permitted under OCGA § 16-1-8 (d) (1).

For purposes of the trial court's jurisdiction, there is no distinction between the situation here, in which the State failed to prove venue, and the situation in which a defendant is tried in a venue that is incorrect because the crime was not committed in that county. It is the State's burden to establish the jurisdictional fact of venue, and when it fails to do so, venue is lacking. See *Trogdon*, supra. Thus, the trial court lacks jurisdiction over the crime and OCGA § 16-1-8 (d) (1) applies.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Michael K. McIntyre,* for appellant (case no. S02A0622).
*J. Robert Joiner,* for appellant (case no. S02A0623).
*Paul L. Howard, Jr., District Attorney, Maura F. Krause, Bettie-*

*anne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.