A03A1096. MORRIS v. THE STATE.
(587 SE2d 272)

MILLER, Judge.

Willie Daryl Morris was convicted on two counts of aggravated assault, one count of aggravated battery, and possession of a firearm during the commission of a crime. Following the denial of his motion for new trial, Morris filed this appeal. He contends that the State failed to prove venue beyond a reasonable doubt and that the trial court erred in admitting similar transaction evidence. Morris also complains that his convictions for aggravated assault and aggravated battery should have merged for sentencing purposes. After review, we affirm his convictions with the exception of Count 2 (aggravated assault).[1]

On appeal, the evidence must be considered in the light most favorable to the jury's verdict and Morris no longer enjoys the presumption of innocence. *Newman v. State*, 233 Ga. App. 794 (1) (504 SE2d 476) (1998). So viewed, the evidence shows that the victim was Morris's former girlfriend. As the victim was leaving from her parents' home in Paulding County, she thought she saw Morris's car, a black Z-28 Camaro, going down the street. Uncertain, she decided to proceed to her job in Smyrna but to take a different route. Morris sped up behind her car and began flashing his lights. At that point, she decided to "just pull over and see what he wanted." She testified

---

[1] Morris does not contest his conviction for possession of a firearm during the commission of a crime.

that she had traveled only about two minutes before Morris caught up with her. After she pulled off the road, Morris stated that he was supposed to kill her that morning, suddenly opened his coat, pulled out a gun, and pointed it at her. Morris told her, "[I]f I can't have you, I'm not going to let anybody else have you. I'll kill you before I let somebody else have you." Snatching her car keys and mace, Morris went back to his Camaro. But when the victim tried to flag down a passing motorist, Morris returned her things. After managing to drive away, the victim tried without success to dial 911 as Morris followed in close pursuit.

Unable to contact 911, the victim called her cousin and told her about Morris's assault and asked her to call police. Her cousin contacted a 911 dispatcher and obtained a direct number for the victim to use. The victim then told a 911 dispatcher from Paulding County that her ex-boyfriend had pulled a gun on her and threatened to kill her. She said, "I'm right here in Hiram now right beside McDonald's. I'm riding down the street." Later while still driving, she told the operator that she thought she was in Powder Springs in Cobb County. At that point, the 911 dispatcher transferred the call to Cobb County. The victim told Cobb police that her ex-boyfriend had threatened to kill her and was following her. When the officer suggested that she stop, she said that she was afraid to do so because he had a gun. Near the end of the 911 call, the victim told dispatchers that she was within the city limits of Lithia Springs en route to Douglasville. As responding patrol units closed in, Morris pursued her to the intersection of Bankhead Highway and Thornton Road in Douglas County. There, he managed to shoot her. Morris fired five shots from his vehicle, one of which struck her in her upper left arm causing serious injury. Still in contact with dispatchers, she said that she had been shot and was on Thornton Road just before Bankhead Highway. As paramedics transported her for medical treatment, police apprehended Morris.

In addition to the evidence of prior difficulties, the State offered testimony about another incident also involving an ex-girlfriend. The earlier incident took place in 1989 after a high school football game. When M. B. rebuffed Morris, he became angry, grabbing M. B. when she refused to leave with him. As M. B. and her friend walked toward their car, Morris flashed a gun concealed inside his coat. After M. B. and her friend drove away, Morris pursued them in his car, riding up on their bumper and "shooting out of the window." After Morris managed to block their vehicle, M. B. fled to safety. Morris then "put the gun in her [friend's] face." As a result of this conduct, Morris was arrested.

At trial, the jury heard the audiotapes of the victim's 911 calls to emergency dispatchers in Paulding County and Cobb County. The

victim testified that the shooting occurred at "an intersection of . . . Bankhead Highway and Thornton Road. That's right there in Douglas County. [R]ight where my car was at, there's a sign right here. There's a church right here and an Ugly Duckling is right there."

1. Morris contends that by failing to prove venue in Douglas County, the State failed to prove an essential element of the crimes.

"[V]enue in all criminal cases must be laid in the county in which the crime allegedly was committed." (Citations and punctuation omitted.) *Grier v. State*, 275 Ga. 430-431 (1) (569 SE2d 837) (2002). An appellate court considering the sufficiency of the evidence of venue must view the evidence in the light most favorable to the verdict and determine whether the record contains evidence to support the jury's finding that the crime occurred in the county where indicted. *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002). A victim's testimony that the events occurred in the county where tried is sufficient to prove venue. *Rogers v. State*, 247 Ga. App. 219, 221 (2) (543 SE2d 81) (2000). Here, the victim testified that the shooting took place in Douglas County. That testimony was sufficient to prove venue for the aggravated battery offense and for the aggravated assault count charging Morris with firing a gun from his vehicle toward her. See id.; OCGA § 24-4-8.

2. Morris contends that the trial court erred in responding to the jury's question about venue. He argues that the State failed to prove the venue of Count 2 which charged him with pointing a handgun at the victim and telling her that he intended to kill her.

After commencing deliberations, the jury sent a note regarding Count 2 only. The note read, "We are uncertain if this incident occurred within the stated County of Douglas. [The victim] stated she stopped about two minutes from her home in Rockmart." Over defense objection, the trial court charged the jury, inter alia, that "slight evidence of venue may be sufficient where the fact of venue is not contested," and added, "[i]f a crime is capable of being committed within any vehicle traveling within the state and it cannot be readily determined in which county the crime was committed, the crime shall be considered as having been committed in any county through which the vehicle traveled."

"Among other requirements, a jury instruction must be adjusted to the evidence and embody a correct, applicable, and complete statement of law." (Citation omitted.) *Jones v. State*, 242 Ga. App. 357, 359 (3) (529 SE2d 644) (2000). This charge was neither. During the trial of a criminal case, "slight evidence" of venue is not the applicable evidentiary standard; rather, venue must be proved beyond a reasonable doubt. *Jones v. State*, 272 Ga. 900, 901-903 (2) (537 SE2d 80) (2000). Nor did Count 2 occur in a traveling vehicle and under circumstances that it could not be readily determined in which county

the crime took place. See OCGA § 17-2-2 (e). On the contrary, the victim testified that on the morning of the crimes, she was living with her parents in Paulding County near the line with Polk County. She testified that when she was minutes or less from home, she stopped on the side of the road. At no point did she or anyone else testify that the site off the roadway was in Douglas County. In the absence of evidence that this crime occurred in Douglas County, Morris's conviction on this count must be reversed. See *Jones*, supra, 272 Ga. at 904 (3). Morris can, however, be retried for this offense in a court where venue is proper. *Grier*, supra, 275 Ga. at 432 (2).

3. Morris asserts that the trial court erred in admitting the similar transaction evidence. He claims that the State admitted that "the 1989 incident demonstrated [his] propensity for violence, clearly a violation of the rule preventing character evidence." Morris argues that the prior victim was not certain that it was he who fired the gun.

At the similar transaction hearing, the State claimed that it would offer the earlier incident to prove identity and to show course of conduct, intent, and motive. In deciding to admit the evidence, the trial court noted the obvious similarity of "a woman trying to disengage" from a relationship with Morris. At trial, the prior victim testified that when she did not comply with his demands, Morris opened his coat to reveal a gun and pursued her by car. Although the victim could not state with certainty that it was Morris who fired the gun during the chase, she testified that Morris was the driver and that the shots came from the driver's side. She also testified that Morris had a gun before the chase and he had it when the chase ended. What weight or credibility, if any, to give this witness's testimony was for the jury to decide. *Smith v. State*, 263 Ga. 224 (1) (430 SE2d 579) (1993). We find no error in the admission of this evidence.

4. Morris asserts that his convictions should have merged. He claims that "the alleged crimes" were committed at the same time and place and comprised one continuous criminal act. We disagree. Georgia law bars conviction and punishment for a crime which arises from the same criminal conduct included as a matter of fact or as a matter of law in another crime for which the defendant has been convicted. *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002). When the evidence shows that one crime is complete before another crime occurs, there is no merger. *Keaton v. State*, 193 Ga. App. 603 (388 SE2d 737) (1989). Here, the separate counts of aggravated assault neither merged with each other nor with the aggravated battery count. The first count of aggravated assault was complete when Morris pulled out his gun and threatened to kill his ex-girlfriend. The next count charged that Morris "without legal justification discharge[d] a firearm from within a motor vehicle toward [the victim]." This was complete some time later when Morris fired several shots

toward the victim's vehicle. The aggravated battery took place when Morris maliciously injured and disfigured the victim by shooting her with his .32 caliber handgun. The underlying facts used to prove each offense are different, and there was no merger. *O'Neal v. State*, 228 Ga. App. 162, 164 (2) (491 SE2d 216) (1997).

*Judgment affirmed as to Counts 1 and 3 and reversed as to Count 2. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED SEPTEMBER 10, 2003.

Lawson & Thornton, George O. Lawson, Jr., Melissa D. Redmon, for appellant.

David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney, for appellee.