## A06A0920. MARTIN v. THE STATE.
### (635 SE2d 358)

MILLER, Judge.

A Walker County jury found Aaron Patrick Martin guilty of rape, aggravated sodomy, kidnapping, two counts of aggravated assault, and possession of a weapon during the commission of a crime. Martin appeals, contending that he is entitled to a new trial because (1) the State failed to prove that venue for the kidnapping was in Walker County, (2) the evidence was insufficient to support his convictions for kidnapping, aggravated assault, and aggravated sodomy, and (3) his trial counsel was ineffective. Since the victim was seized in Tennessee, venue for the kidnapping charge did not lie in Walker County, and Martin's kidnapping conviction must be reversed. Martin's other claims of error have no merit, and his convictions for rape, aggravated sodomy, aggravated assault, and possession of a weapon during the commission of a crime are affirmed.

Viewed in the light most favorable to the verdict, the evidence shows that on the evening of December 11, 1999, the victim was visiting a friend in Chattanooga, Tennessee. Martin, who had been the victim's boyfriend, appeared at the door and told the victim that he wanted to talk. The victim went onto the porch to talk to Martin, where he grabbed her and pulled her into his car. Martin drove across the state line into Walker County, where he choked the victim while telling her that she was going to die that night. Martin stopped choking her when he saw another car's headlights, and he then drove the victim to the apartment that they had shared, which was also located in Walker County.

After they arrived at the apartment, Martin took the victim to the bedroom and used a knife to cut off her clothes. He told the victim that he would let her live if she had sex with him. The victim, who feared for her life, engaged in oral sex and vaginal intercourse with Martin. Afterward, Martin first threatened to cut the victim's face, and then he cut her chest with the knife. After Martin allowed the

victim to leave, she went to a hospital in Chattanooga. The examining nurse testified that the victim had cuts on her neck, breasts, and right leg and multiple fingernail marks and bruises on her neck. The nurse performed a pelvic exam that revealed the presence of sperm. The nurse also videotaped the victim's injuries, and the tape was shown to the jury.

While the victim was at the hospital, Martin shot himself in an apparent suicide attempt. Officers subsequently searched Martin's apartment, where they found a trail of blood in the hallway and a knife and a black dress with cut marks in the bedroom. The police also found notes addressed to the victim in which Martin had written, among other things, that "I am sorry" and "I known [sic] you are afraid of me right now."

1. Martin contends that the State failed to prove that venue for the kidnapping charge lay in Walker County. "[V]enue must be proved beyond a reasonable doubt when a defendant pleads not guilty and is put on trial." (Citation omitted.) *Grier v. State*, 275 Ga. 430, 431 (1) (569 SE2d 837) (2002). See also *Shields v. State*, 276 Ga. 669, 670 (2) (581 SE2d 536) (2003) (remedy for defendant who claims venue was not established is to assert the error in a direct appeal from the conviction).

"A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). Kidnapping is not a continuous offense and is consummated in the county where the victim was seized and asported to some degree. *Robinson v. State*, 210 Ga. App. 175, 176 (2) (435 SE2d 466) (1993); *Harris v. State*, 165 Ga. App. 249, 250-251 (1) (299 SE2d 924) (1983). Accordingly, venue for the kidnapping charge would not lie in Walker County if Martin abducted the victim in Tennessee. *Miller v. State*, 174 Ga. App. 42, 44 (3) (329 SE2d 252) (1985) (venue for kidnapping charge was not proven where evidence showed that victim was seized in Tennessee and taken to Georgia).

The State admits that the victim testified she was forced into Martin's truck in Tennessee, but contends that other evidence nevertheless authorized the jury to conclude that the victim voluntarily got into Martin's truck in Tennessee and was later kidnapped in Georgia. We disagree.

The State claims that the testimony of the victim's friend in Chattanooga supported the conclusion that the victim was not kidnapped in Tennessee. Although the friend testified that she did not see the victim get into Martin's truck and did not know if she did so willingly, the friend also testified that she heard the victim screaming from inside Martin's truck and that she immediately called the police and reported that the victim "had just gotten taken from my house [in

Chattanooga]." Such testimony does not support the conclusion that the victim was kidnapped in Walker County.

Similarly, the State contends that the testimony of an officer with the Chattanooga Police Department supports the conclusion that the police believed the victim was not kidnapped until after she and Martin traveled to Walker County. Although the officer admitted that he did not know of anyone that investigated the kidnapping at the scene in Chattanooga, he also testified that he understood that the victim had been kidnapped in Chattanooga and that an officer from the Domestic Violence Task Force was investigating the kidnapping. Thus, again, the evidence does not support the conclusion that the kidnapping occurred in Walker County.

Finally, although the victim testified that Martin choked her and told her he would kill her after they crossed the state line into Walker County, she also testified that Martin had initially grabbed her and forced her to get into his truck outside her friend's house in Chattanooga. "As there was no evidence that the victim was seized in [Walker] County, but rather that [she] was seized in Tennessee, appellant's conviction on this count must be reversed for failure to prove venue."[1] *Miller*, supra, 174 Ga. App. at 44 (3).

2. Martin claims that the evidence was insufficient to support his convictions for kidnapping, aggravated assault, and aggravated sodomy. He points to his previous sexual relationship with the victim and to alleged inconsistencies in the testimony of the victim and her friend. On appeal from a criminal conviction, however, we do not weigh the evidence or determine witness credibility. *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004). With the exception of the State's failure to prove venue for purposes of the kidnapping conviction, as addressed in Division 1, supra, the evidence was sufficient for a rational trier of fact to find Martin guilty beyond a reasonable doubt of the crimes for which he was convicted, including kidnapping, aggravated assault, and aggravated sodomy. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA §§ 16-5-40 (kidnapping); 16-5-21 (aggravated assault); and 16-6-2 (a) (aggravated sodomy).

3. Martin also contends that he received ineffective assistance of counsel. Specifically, he claims that trial counsel was ineffective in (a) failing to pursue a challenge under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986); (b) failing to call a witness who could have testified as to the victim's demeanor on the day after the

---

[1] We note that a reversal on grounds of the State's failure to prove venue is not a reversal due to insufficient evidence for purposes of double jeopardy. See *Grier*, supra, 275 Ga. at 431 (1). "[E]vidence of venue does not go to the guilt or innocence of the defendant." (Citations and punctuation omitted.) Id.

attack; (c) failing to notice or object to chaos in the courtroom or to several jurors sleeping during the trial; (d) failing to introduce evidence of prior inconsistent statements made by the victim and her friend; and (e) failing to obtain certain forensic evidence or to sufficiently investigate the case. We disagree.

> To prevail on a claim of ineffective assistance of counsel, an appellant must show deficient performance on the part of counsel and prejudice to his defense resulting from that deficient performance. . . . The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous.

(Citations and punctuation omitted.) *Adams v. State*, 276 Ga. App. 319, 323 (6) (623 SE2d 525) (2005).

(a) Martin contends that his trial counsel was ineffective for failing to properly pursue an objection under *Batson*, supra, based on the exclusion of African-Americans from the jury and from the pool of available jurors. We disagree.

"A defendant has no right to a jury selected from a list which perfectly mirrors the percentage structure of the community. What is required is a list which represents a *fair* cross section of the community and which is not the product of intentional racial or sexual discrimination." (Citation omitted; emphasis in original.) *Caldwell v. State*, 263 Ga. 560, 563 (3) (436 SE2d 488) (1993). Purposeful discrimination is not shown "by evidence that a single jury panel contained a disproportionately small percentage of African-Americans compared to the population at large." (Punctuation and footnote omitted.) *McElroy v. State*, 244 Ga. App. 500, 503 (2) (b) (536 SE2d 188) (1999). The only evidence of the population of available jurors was that the number of African-Americans in Walker County was a "very very small minority." The discussion between Martin's trial counsel and the trial court indicated that there were African-Americans on the list of jurors, but there were none on the 48-person panel from which Martin's jury was chosen.

Martin, however, does not show that the jury list failed to contain a fair cross-section of the community or that there was purposeful discrimination in the selection of the panel. See *Jewell v. State*, 261 Ga. 861, 862-863 (3) (413 SE2d 201) (1992); *Williams v. State*, 213 Ga. App. 458, 459 (1) (444 SE2d 831) (1994). Accordingly, Martin cannot show that a challenge based on a lack of African-Americans on the panel or the jury would have been successful. See *McElroy*, 244 Ga. App. at 503 (2) (b) (trial counsel was not ineffective where appellant failed to show that his trial attorney could have challenged the array successfully).

Martin separately alleges that his trial counsel was deficient for failing to understand *Batson* and failing to get a *Batson* ruling. As there was no evidence that the State engaged in purposeful discrimination through peremptory strikes, however, Martin's counsel's performance was not deficient in this regard. See *Trammel v. State*, 265 Ga. 156, 157 (1) (454 SE2d 501) (1995).

(b) Martin further claims that his trial counsel was deficient in failing to call Charlie Peak as a witness. Martin claimed that Peak told an investigator that on the day following the attack, he had seen the victim when she dropped Martin off at his house and that the victim did not appear to be hysterical. According to trial counsel's testimony at the motion for new trial hearing, however, trial counsel interviewed Peak before trial, and Peak simply confirmed that he gave Martin the rifle that Martin used in his unsuccessful suicide attempt. The trial court was entitled to conclude that trial counsel's performance was not deficient because trial counsel interviewed Peak and learned nothing that warranted calling Peak as a witness, notwithstanding what Peak allegedly told an investigator at a later date. See *Jeremiah v. State*, 250 Ga. App. 397, 402 (2) (551 SE2d 819) (2001) (whether to call a particular witness is a strategic and tactical decision).

(c) Martin claims his trial counsel was ineffective for failing to notice or object to chaos in the courtroom or to several jurors sleeping. Evidence was presented at the motion for new trial hearing, however, that the courtroom was not chaotic and that jurors were not sleeping during Martin's trial. As a result, evidence supported the trial court's conclusion that Martin failed to show deficient performance or prejudice based on his trial counsel's actions. *Horne v. State*, 273 Ga. App. 132, 133 (1) (614 SE2d 243) (2005) ("[A] trial court's denial of an ineffectiveness claim based on conflicting evidence is not clearly erroneous.") (footnote omitted).

(d) Martin also contends that his trial counsel was deficient in failing to introduce into evidence certain written statements made by the victim to law enforcement officers and a hospital nurse and statements made by the victim's friend to police. Assuming these documents contained admissible hearsay and were properly before the trial court for purposes of considering the motion for new trial, we cannot conclude that Martin's trial counsel was deficient for choosing not to introduce the statements into evidence. While the statements arguably differed with portions of the witnesses' trial testimony, each statement also contained inculpatory information that stood to further strengthen the State's case. Trial counsel referred to the statements made by the victim and her friend to police during their cross-examination in an attempt to show inconsistencies in their testimony. Martin also called a Walker County Sheriff's Deputy to

elicit direct testimony regarding the victim's post-incident statements. In light of the foregoing, Martin fails to "overcome the strong presumption that [his trial counsel's] efforts on his behalf fall within the broad range of reasonable professional conduct." (Citation omitted.) *Silvers v. State*, 278 Ga. 45, 46 (2) (597 SE2d 373) (2004).

(e) Martin further contends his trial counsel was deficient for failing to obtain forensic reports, or fingerprint, blood, or DNA evidence, and by failing to sufficiently investigate the case. We disagree.

Trial counsel decided not to pursue the forensic evidence because he feared the results would link the evidence to his client. Martin does not show otherwise. "As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel. [Cit.] We agree with the trial court's implicit determination that trial counsel's choice of trial strategy was not unreasonable. [Cit.]" (Punctuation omitted.) *Moore v. State*, 278 Ga. 397, 400-401 (2) (c) (603 SE2d 228) (2004). The evidence presented at the motion for new trial hearing showed that Martin's trial counsel did investigate the case, including interviewing witnesses, visiting the crime scene, and reviewing the hospital records and all of the police reports.

In view of the foregoing, the trial court did not clearly err in rejecting Martin's claim of ineffective assistance.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 11, 2006.

*Marcia G. Shein*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.